FILED

NOV 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER M. MACE                          :
4701 Connecticut Ave. N.W., Apt. 209
Washington, D.C. 20008                 :

      Plaintiff                 :

v.                                     : Case

LARRY A. DOMASH                        :
2021 St. John's Avenue, Apt. 1C
Highland Park, IL 60035                :

      Defendant                 :

CASE NUMBER  1:05CV02244

JUDGE: Henry H. Kennedy

DECK TYPE: General Civil

DATE STAMP: 11/18/2005

JURY ACTION

### COMPLAINT

    Plaintiff Peter M. Mace, by undersigned counsel, states the following for his complaint.

### PARTIES

    1. Plaintiff Peter M. Mace, a District of Columbia resident, is experienced in insurance and has been an insurance agent. With insurance industry associates he founded in 1989 a Virginia corporation named Investors Fidelity of America, Inc. (IFA) located in Falls Church, Virginia to engage in development and sale of insurance products. That corporation closed in 2004. A successor corporation operating under the same name is planned to be incorporated in Delaware soon.

    2. Defendant Larry A. Domash, a resident of Illinois, is an investment executive experienced in insurance company investing, investments research and equity portfolio management. He was formerly employed as Director of Investment Operations with Fidelity Management & Research Co. of Boston, as Chief Operating Officer with Cleary,

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024
(202) 554-2908

– 1 –

RECEIVED

NOV 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gull, Reiland and McDevitt of Milwaukee, as head of Corporate Research with

Susquehanna Partners of Bala Cynwyd, and Managing Director of High Yield Research

with Fleet Securities of New York City. He is now Managing Member of Ronin Capital,

an investment house located in Chicago.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction of the claims herein, which exceed $ 50,000.00, under

28 U.S.C. Section 1332. Venue is properly located in the District of Columbia pursuant to

28 U.S.C. Section 1391(a), a substantial part of the events giving rise to the claims herein

having occurred here.

### COUNT 1
### (Breach of Contract)

4.  Plaintiff and associates in 1990 were seeking capital infusion into IFA to

make IFA operational in the development and sale of insurance products.  In this

promotion mode they came into contact with Defendant Domash, who in August of 1990

was leaving previous employment to begin work with Fidelity Management and Research

Co.

5.  Having previously held positions with financial institutions owned by others,

Defendant voiced aspirations to establish his own financial investment company, to be

known as Domash & Associates (D & A). Plaintiff and Defendant exchanged views on

their complimentary desires to achieve capital infusion into IFA, the generation of

income by IFA through the sale of IFA insurance products, and the transfer of such

income to Defendant for investment thereof through D & A, which would be established

as a mechanism to receive and invest funds of behalf of clients. Plaintiff and Defendant

came to agree in 1990 on cooperation to achieve these goals.

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024
(202)554-2900

- 2 -

6. Defendant stated that he intended to expend a considerable amount of time and energy on development of IFA, that IFA would have the full resources of Fidelity Management and Research Co. to draw upon, and that IFA would be a cornerstone of his efforts.

7. Thereafter Plaintiff expended considerable amounts of his time and personal funds in efforts to promote and develop sources of capital for IFA, cooperating to that end with Defendant, including management of some of Defendant's personal legal problems.

8. In April, 1999, Plaintiff advised Defendant that he had exhausted his personal funds in funding their cooperation. Plaintiff stated to Defendant that, although he had good credit, he would have to cease his efforts to develop IFA and could no longer assist Defendant in management of his personal legal problems.

9. Defendant thereupon offered to Plaintiff the following: if Plaintiff would continue to work on development of IFA and would use Plaintiff's credit to make expenditures for that purpose, and also in support of Plaintiff's continued assistance to Defendant in managing his personal legal problems, Defendant would reimburse Plaintiff for those future out-of pocket expenditures. Defendant further stated that he would repay Plaintiff for funds expended by Plaintiff for Plaintiff's own living expenses and also agreed to see IFA as the best vehicle to realize Defendant's aspirations to develop his own financial investment company.

10. Plaintiff accepted Defendant's offer. Plaintiff told Defendant he agreed to continue making expenditures supporting their cooperation to achieve the above goals. From that point on Plaintiff continued to make expenditures in support of their

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024
(202)554-2908

cooperation and agreement, using his credit   for those expenditures, expenditures for which Defendant was responsible under their agreement.

11. By October, 2000 Plaintiff had expended $ 75,000.00 for the agreed purposes. Plaintiff so advised Defendant, who acknowledged the debt to Plaintiff and repeatedly promised to reimburse Plaintiff for those expenditures.

12. On December 21, 2000 Defendant gave Plaintiff a power of attorney to act for him "in all of my legal matters".

13. By October, 2002 the amount expended by plaintiff under their agreement had grown to at least $ 100,000.00, as Plaintiff advised Defendant.

14. The amount so expended and owed now stands at $ 250,000.00.

15. By a November 24, 2002 letter to Plaintiff Defendant denied that he had promised to reimburse Plaintiff for the expenditures involved and refused to make payment.

16.  Defendant has breached the agreement he made with Plaintiff in April, 1999, which Plaintiff relied on in making the expenditures concerned.

17. As a proximate result of Defendant's breach Plaintiff has been damaged in the amount of $ 250,000.00.

WHEREFORE, Plaintiff Mace prays the Court to grant judgment in his favor and against   Defendant Larry A. Domash in the amount of $ 250,000.00, and to award Plaintiff compensatory damages in the amount of $ 250,000.00 or such other amount as may be  proved  at trial, the costs of this action, interest, and such other and further relief as to the Court may seem just and proper.

COUNT II
(Fraud)

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024

(202)554-2905

18. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as though set out in full herein.

19. To induce Plaintiff to continue to make expenditures to develop IFA and assist Defendant in management of his personal legal problems, Defendant represented to Plaintiff in April, 1999 and repeatedly thereafter, untruthfully and in and knowledge of that untruth, that it was his intention to reimburse Plaintiff for such expenditures and others set out herein.

20. Plaintiff relied on those representations in making subsequent expenditures, and relied on them reasonably.

21. As a result of the foregoing false representations, Plaintiff was damaged in the amount of $ 250,000.00 in compensatory damages when Defendant failed and refused to reimburse him for said expenditures.

WHEREFORE, Plaintiff prays the court to grant judgment in his favor and against Defendant Larry A. Domash in the amount of $ 250,000.00 and to award Plaintiff compensatory damages in the amount of $ 250,000.00 or such other amount as may be proved at trial, the costs of this action, interest, and such other and further relief as to the Court may seem just and proper.

### COUNT III
(Unjust Enrichment – Quantum Meruit)

22. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as though set out in full herein.

23. In making expenditures after April, 1999 in support of the development of IFA and D & A and the management of Defendant's personal legal problems, Plaintiff conferred a benefit upon Defendant.

24. That benefit was conferred with the approval of and at the express request of
Defendant. Plaintiff did not confer that benefit as a volunteer.

25. In conferring that benefit, Plaintiff was promised reimbursement by Defendant for
the expenditures concerned. Defendant understood that Plaintiff expected reimbursement
for the expenditures.

26. If Defendant were allowed to retain the benefit of Plaintiff's expenditures without
reimbursing Plaintiff therefor, Defendant would be unjustly enriched.

27. The value of the benefit which Plaintiff conferred on Defendant, and to the
detriment of Plaintiff in conferring such, is $ 250,000.00.

WHEREFORE, Plaintiff prays the Court to grant judgment in his favor and against
Defendant Larry A. Domash in the amount of $ 250,000.00, the costs of this action,
interest, and such other and further relief as to the Court may seem just and proper.


PLAINTIFF DEMANDS JURY TRIAL ON ALL ISSUES


                              Respectfully submitted,


                              Robert A. Ackerman 37200
                              1250 Fourth Street, S.W., No. 504W
                              Washington, D.C, 20024
                              Tel. (202) 4554 2908  Fax (202) 554 3709
                              Attorney for Plaintiff Peter M. Mace

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024
(202)554-2908