FILED
NOV 18 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re:                                      :     CASE NUMBER 1:05CV02244

Robert A. Ackerman, Esquire                        JUDGE: Henry H. Kennedy
1250 Fourth Street, S.W, No. 504W
Washington, D.C. 20024         :                   DECK TYPE: General Civil

                                                   DATE STAMP: 11/18/2005

MOTION OF ATTORNEY ROBERT A. ACKERMAN
FOR LEAVE TO PROCEED IN A CASE BY
CONVENTIONAL FILING AND NOT BY ELECTRONIC TRANSMISSION

Now comes Robert A. Ackerman, undersigned member of the bar of this Court, pro se, and respectfully moves the Court to grant permission for him to proceed with a new case through conventional filing procedures rather than through electronic transmission. A proposed complaint for the new case and a memorandum of Points and Authorities are provided.

Respectfully submitted,

*[signature]*
Robert A. Ackerman 37200
1250 Fourth Street, S.W., No. 504W
Washington, D.C. 20024
Tel. (202) 554 2908   Fax: (202) 554 3709
Pro se

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024
(202)554-2908

RECEIVED
NOV 18 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re                                              :

    Robert A. Ackerman, Esquire               :
    1250 Fourth Street, S.W., No. 504W
    Washington, D.C. 20024                    :

---------------------------------

### MEMORANDUM OF POINTS AND AUTHORITIES

1. Undersigned attorney, proceeding here pro se pursuant to LcR 5.4(e)(3), has been a member of the bar of this Court since he was admitted to practice here on December 8, 1964. He spent six years with the Department of Justice, including two years as an Assistant United States Attorney in this District. He has practiced law as a sole practitioner since 1971.

2. In the past undersigned has always proceeded with conventional paper filing procedures, never electronic filing procedures. Although he routinely uses computerized word processing and data storage techniques in his law office, he is not Internet connected.

3. Undersigned has substantially greater assured capability to meet Court set deadlines and other requirements using conventional filing procedures than he does through use of electronic filing procedures. He does essentially everything on a case himself. To give maximum assurance of timely performance of case obligations undersigned has organized his office with redundant capabilities, avoiding dependence on one capability which, should it break down, would render him inoperative. He has two word processing capabilities (a computer operated by Windows 2000 system and a separate Canon Starwriter 5000). He has two functioning copiers. With a fax machine,

typewriters, a telephone, and location near the courthouse which is reliably reachable rain or shine, undersigned has a highly reliable capability to function. This capability cannot be negated by a computer virus, worm, or other disabling electronic interference reaching from outside of his office through an Internet connection to block performance of undersigned's case obligations.

4. Employing electronic filing via the Internet would render undersigned's office vulnerable to disabling electronic compromise preventing undersigned's performance of obligations to the Court.

5. This apprehension is not a fantasy. The August 22, 2005 Washington Post reported that a new Internet worm infecting Windows 2000 operating systems had infected and disrupted computers at CNN, ABC, and the New York Times. This virus and a sequel to it compromised an estimated 1,000 computers. Previously reported viruses and worms have done greater damage, often to Windows 2000 systems.

6. A large media organization like the New York Times or a large 300 partner law firm officed in the District of Columbia can quickly call in computer security experts to limit the damage from virus and maintain operations. A small office like that of undersigned sole practitioner is much more vulnerable to electronic disorientation through the Internet. To maintain assured capability to carry out his case obligations to the Court and to others undersigned thus seeks to avoid reliance on the Internet for communication with the Court. Such Internet reliance could open the door to total lack of operability of undersigned's law office.

7. In a proposed new case which must be filed by November 24, 2005 to avoid expiration of the statute of limitations, undersigned is to prepare and file all pleadings. To

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W., #504 W
WASHINGTON, D.C. 20024
(202) 554-2908

meet that requirement, and to maintain invulnerability of his office to electronic disorientation via the Internet, undersigned seeks leave to file conventionally with paper pleadings. A copy of the anticipated new complaint accompanies this memorandum.

8. Conclusion. For the foregoing reasons permissions should be granted to undersigned to proceed with the proposed case with conventional paper filing procedures rather than through electronic filing.

Respectfully submitted,

*Robert A. Ackerman* (signature)

Robert A. Ackerman 232700
1250 Fourth Street, S.W. No. 504W
Washington, D.C. 20024
Tel. (202 554 2908  Fax. (202) 554 3709
Pro se

LAW OFFICES
ROBERT A. ACKERMAN
1250 FOURTH ST., S.W. #504 W
WASHINGTON, D.C. 20024

(202) 554-2908

- 3 -