UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER M. MACE<br>4701 Connecticut Ave. N.W., Apt. 209<br>Washington, D.C. 20008,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY A. DOMASH<br>2021 St. John's Avenue, Apt. 1C<br>Highland Park, IL 60035,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:05CV02244 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ECF

## ANSWER

Defendant Larry Domash hereby answers the Complaint as follows:

### Parties

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

2. Defendant admits that he is a resident of Illinois and that he is an investment executive that is experienced in investments research. Defendant further admits that he was formerly employed by Fidelity Management & Research Co. of Boston, Cleary, Gull, Reiland and McDevitt of Milwaukee, Susquehanna Partners of Bala Cynwyd and Fleet Securities of New York City. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

**Jurisdiction and Venue**

3. Defendant admits that Plaintiff alleges monetary damages in excess of the amount in controversy pursuant to 28 U.S.C. § 1332 but denies that the amount in controversy under that section is $50,000, as alleged in the Complaint. Defendant denies that the material events alleged by Plaintiff occurred in the District of Columbia or anywhere else, but admits that venue is proper in the District of Columbia.

**COUNT I**
**(Breach of Contract)**

4. Defendant denies that Plaintiff and associates came into contact with Defendant in a "promotion mode" related to IFA and further denies that Plaintiff and associates came into initial contact with him in August 1990. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies same.

5. Denied.

6. Denied.

7. Defendant denies that Plaintiff ever engaged in "management of some of Defendant's personal legal problems" and further denies that he cooperated with Plaintiff or promised to cooperate with Plaintiff in connection with Plaintiff's alleged efforts to promote and develop sources of capital for IFA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and therefore denies same.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Defendant admits that at one time he gave Plaintiff a limited power of attorney, intended to have someone available to act for Plaintiff in the event of Defendant's incapacity (which never occurred). Except as expressly admitted, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Denied.

14. Denied.

15. Admitted, except denied to the extent Plaintiff's use of the word "involvement" suggests the actual existence of any promise or commitment by Defendant to Plaintiff.

16. Denied.

17. Denied.

## COUNT II
### (Fraud)

18. Defendant restates and incorporates by reference his responses to paragraphs 1 to 17 as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

## COUNT III
### (Unjust Enrichment – Quantum Meruit)

22. Defendant restates and incorporates by reference his responses to paragraphs 1 to 21 as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

Plaintiff's prayer for relief requires no pleading in response, and to the extent it contains any factual allegations they are denied. Defendant respectfully prays for judgment in his favor and against Plaintiff.

## Affirmative Defenses

The following affirmative matters are pled, with all such matters pled in the alternative and/or cumulatively, and the denomination of any such matter as an "affirmative defense" not being intended to acknowledge any burden of proof upon the Defendant which is not otherwise imposed under applicable law.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to all three Counts.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations (including without limitation D.C. Code (1981) § 12-301(7)).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds (including without limitation D.C. Code (1981) § 28-2502).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as a result of Plaintiff's material breach of the alleged contract.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of the fact that the alleged contract is illegal.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on his claims pursuant to the doctrines of laches, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were caused by parties for whose conduct Defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth allegations that a valid contract existed.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred because if any agreement or promise was made by Defendant (though such agreement or promise is denied) it was procured by Plaintiff through means of fraudulently misrepresenting to Defendant the Plaintiff's financial condition and credentials, upon which Defendant reasonably relied, and securities fraud by Plaintiff in violation of 17 C.F.R. § 240.10b-5 and other statutory and regulatory provisions.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred because the Plaintiff has no standing to sue.

## JURY CLAIM

Defendant hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Adam Augustine Carter
DC Bar #437381
888 17th Street, NW
Suite 900
Washington, D.C. 20006-3307
(202) 261-2803
(202) 261-2835 (facsimile)
acarter@acarterlaw.com

Dated: January 20, 2006

*Counsel for Defendant*
*Larry A. Domash*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served via the ECF system and via first-class mail, postage prepaid this 20th day of January, 2006, on the following counsel of record:

Robert A. Ackerman, Esq.
1250 Fourth Street, SW
Number 504W
Washington, DC 20024

Adam Augustine Carter