**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter M. Mace  Plaintiffs,  vs.  Larry A. Domash  Defendant | Case No. 1: 05-02244 (HHK)  Judge Henry H. Kennedy, Jr.  Next Event: Discovery Completion Date 5 February 2007 |

<u>**Memorandum of Points & Authorities**</u>
<u>**in Opposition to**</u>
<u>**Defendant Larry Domash's Motion for Summary Judgment**</u>

### I. Facts

Plaintiff's suit is on a breach of contract count and two related counts of fraud and quantum meruit. In essence, Plaintiff alleges that in April of 1999 he contracted with Defendant for Plaintiff to invest time, effort and money into a startup insurance company and for Plaintiff to assist Defendant by managing Defendant's personal legal problems. In exchange, Defendant promised to reimburse Plaintiff for all expenses and to pay for Plaintiff's living expenses during the startup period. (Complaint ¶¶ 8-9.)

Plaintiff was initially represented by counsel who withdrew following a serious accident making him unable to continue representation; this Court granting the motion to withdraw on 5 May 2006. Plaintiff promptly hired another lawyer, Mr. Barton Walker, later in May, who, although never entering appearance, did call Defendant's counsel to introduce himself. (Peter Mace

*Opposition to Motion—Page 1*

Affidavit ¶ 2, attached as Exhibit 1.)  When Mr. Walker failed to enter appearance and to undertake representation, Plaintiff relieved him on 2 September 2006 and undertook to hire replacement counsel.  (Mace Affidavit ¶ 3.)  Plaintiff did so, hiring undersigned counsel on 19 October 2006, who entered appearance on 24 October.  (Mace Affidavit ¶ 5.)

However, during the brief period without counsel (2 September to 19 October), Defendant served on 11 September requests for admission on Plaintiff.  These responses were due on 14 October.  Plaintiff never responded during this period and only filed responses through undersigned counsel on 3 November (attached as Exhibit 2).  Defendant files this Motion for Summary Judgment based exclusively on Plaintiff's failure to respond.  Also, during this period (2 September to 19 October), Defendant filed a motion to dismiss, which motion Plaintiff responded to *pro se* on 21 September by filing an opposition.  Finally, Defendant did not serve his initial disclosures until 30 October (attached as Exhibit 3)—weeks after serving his requests for admission.

## II. Law & Argument

### A. Law of Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty

*Opposition to Motion—Page 2*

Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255, 106 S.Ct. 2505. The non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C.Cir.1987). If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson, 477 U.S. at 249-50, 106 S.Ct. 2505.

Gassman v. Eli Lilly & Co., 407 F.Supp2d 203, 207 (D.D.C. 2005)

(Kennedy, J.).

### *Summary Judgment Based on Admissions*

"Because summary judgment is a drastic measure, a motion for summary judgment based on an admission established by default may receive special scrutiny from the court." Moore's Manual: Federal Practice and Procedure § 15.18[2][v] (2004)

### B. Law of Untimely Response to Requests for Admission

Rule 36(a) includes:

The matter is admitted unless, within 30 days after service of the request, or within such shorter or a longer time as the court may allow . . . the party to whom the request is directed serves . . . a written answer . . . .

And Rule 36(b) includes:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, he court may permit withdrawal or amendment when the

presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

In overturning a District Court for not crediting late responses to admissions, the Eighth Circuit Court of Appeals has provided a comprehensive statement of the law governing late responses to requests for admission:

> Rule 36(a) provides in part that each matter requested is deemed admitted unless the responding party serves a written answer or objection within 30 days. The court may allow a shorter or longer time for response. Because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely. Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted. Similarly, the granting of a motion to file the answers out of time is limited by the court's discretion.
>
> . . . [In Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (W.D. Mich. 1973), the] court determined that a late response was equivalent to a withdrawal of an admission. It then adopted the test announced in rule 36(b) for permitting withdrawal of admissions as the test to determine whether late answers should be allowed. Rule 36(b) states in pertinent part: "The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."
>
> Other courts have applied the same test. See, e.g., Herrin v. Blackman, 89 F.R.D. 622, 623-24 (W.D. Tenn. 1981); St. Regis Paper Co. v. Upgrade Corp., 86 F.R.D. 355, 357 (W.D. Mich. 1980) (granting defendant's motion to permit late filing of response); See also French v. United States, 416 F.2d 1149, 1152 (9th Cir. 1969) (trial court has discretion to permit late response where no prejudice shown).

Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312-13 (1983).

*Opposition to Motion—Page 4*

The court went on to discuss an argument of the party (Falstaff) seeking the admission as follows:

> We agree with Falstaff that deeming the matters admitted is a form of sanction and may be appropriate in certain cases. See Asea, Inc. v. Southern Pacific Transportation Co., 669 F.3d 1242, 1247 (9th Cir. 1981) (district court may order a matter admitted as a severe sanction when a party has "intentionally disregarded the obligations imposed by Rule 36(a)"). However, in Asea the court determined that admissions would be an appropriate sanction because the responding party had sufficient information to admit or deny the requested admissions and answered that it lacked the information. Further, the Asea court faced a pattern of intentional disregard of discovery requests. Asea is distinguishable and is not authority for disregarding the rule 36(b) test when evaluating a motion to file answers out of time. Regardless of the intentions of the district court to sanction Gutting, we find the district court erred in not considering the factors set out in rule 36(b).

Gutting at 1313. Gutting is particularly instructive here since the failure to respond to the requests for admission was occasioned by three successive counsel entering appearance on behalf of the plaintiff. See also, e.g., In re Schwinn Bicycle Co., 190 B.R. 599, 617 (N.D. Ill. 1995) ("[a] court may permit a party to file answers after the expiration of the 30-day period, 'where the delay was not caused by any lack of good faith and the untimely response will not unduly prejudice the requesting party.'" 4 James W. Moore et al., Moore's Federal Practice, § 36.05(4), nn. 4 & 5."); Nguyen v. CNA Corp., 44 F.3d 234, 243 (4th Cir. 1995) ("Because the late response was so minimal in time and work on the date for responding was slowed by the snow storm, we conclude that the district court did not abuse is discretion in refusing to consider the requests for admission as admitted.")

### C. Argument

Defendant in its motion fails to argue neither that it was

prejudiced by the non-response/late response nor that the late response was occasioned by bad faith on the part of the Plaintiff, and the Defendant fails to do so for good reason—no prejudice or bad faith exists. The initial scheduling conference had only been held on 6 September. Due to an accident, Plaintiff's lawyer had withdrawn and Plaintiff had promptly hired replacement counsel (Mace Affidavit ¶ 2), when that lawyer failed to act, Plaintiff hired undersigned counsel, who promptly entered appearance and responded to the request for admissions, which were due only a few days before. No bad faith or resulting prejudice can be squeezed out of these facts. Therefore, under the legal standard set forth above, this Court should deny the summary judgment motion.

In addition, Defendant submitted the requests for admission before submitting his initial disclosures. Fed. R. 26(a)(1) requires that these disclosures be made within fourteen days of the Rule 26(f) conference. The Rule 26(f) conference must be held at least twenty-one days before the scheduling conference. By Plaintiff's own admission (Opposition Memorandum at 2), the Rule 26(f) conference was held on 11 April but Plaintiff failed to make initial disclosure within two weeks. Rather Plaintiff made them on 30 October—months later. It is a fair question, then, whether Plaintiff was entitled to submit any discovery at all since Rule 26 contemplates initial disclosures being made before discovery commences.

Finally, Plaintiff did submit *pro se* on 21 September an opposition to Plaintiff's motion to dismiss. In this opposition, Plaintiff made it clear he intended to hire replacement counsel. Considering that the opposition was filed *pro se* and considering

that it was filed only a few days after Defendant submitted the requests for admissions, the opposition can be read as a whole to be requesting a continuance to respond to the outstanding discovery.

### III.  Conclusion

WHEREFORE, since Defendant has submitted no evidence that Plaintiff's several-day tardiness in responding to requests for admission has caused Defendant any prejudice nor was it done in bad faith, nor does any such evidence of prejudice or bad faith exist, Defendant's motion for summary judgment should be denied.

Respectfully submitted,

Dated: 10 November 2006    Signed:     \_\_\_/s/_____
                                                       Michael J. Trevelline, DC Bar # 437454
                                      Address:      1823 Jefferson Place, NW
                                                       Washington, DC 20036-2504
                                      Telephone:  (202) 737-1139/Fax:  (202) 775-1118
                                      Email:         mjt@mjtlegal.com
                                   Attorney for **Plaintiff Peter M. Mace**

5 Exhibits:
1. Affidavit of Peter M. Mace
2. Plaintiff's Response to Defendant's First Set of Requests for Admission
3. Initial Disclosure of Defendant (without attachment)
4. Statement of Facts in Dispute
5. Proposed Order

### Certificate of Service

I hereby certify that the **foregoing** this **10 November 2006** was served by electronic case filing through the Court.

\_\_\_/s/_____
Michael J. Trevelline