UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace<br><br>    Plaintiffs,<br><br>vs.<br><br>Larry A. Domash<br><br>    Defendant | Case No. 1: 05-02244 (HHK)<br>Judge Henry H. Kennedy, Jr.<br>Next Event: Discovery Completion Date 5 February 2007 |

**To:**  **Defendant Larry A. Domash**
c/o Adam Augustine Carter, Esq.
**Attorney for Defendant**

**From:**  **Plaintiff Peter M. Mace**
c/o Michael J. Trevelline, Esq.
**Attorney for Plaintiff**

### Plaintiff's Response to Defendant's First Set of Requests for Admission

**Plaintiff Peter M. Mace**, through counsel, **responds** to the requests for admission as follows:

1. Admit that Exhibit A attached hereto is a true and accurate copy of a letter that you wrote to Defendant on November 22, 2002.

**Response**: Admitted.

2. Admit that you mailed a copy of Exhibit A to Defendant on November 22, 2002.

**Response**: Admitted.

3. Admit that you wrote an identical letter to Exhibit A, absent the language on the top right hand corner of the front page that reads: "Dear Larry: Running away or ignoring your responsibilities are not going to make them disappear. That is not going to happen. You have obligations to fulfill. Don't squander your friendships and all we have sacrificed for so long to achieve. Please call George no later than the end of the first week of December. Still a true friend, my regards to the children. Are you OK? Most sincerely, Brett" on October 30, 2002.

**Response**: Admitted.

4. Admit that you mailed a copy of an identical letter to Exhibit A, absent the language on the top right hand corner of the front page that reads: "Dear Larry: Running away or ignoring your responsibilities are not going to make them

*Responses to Requests for Admission—Page 1*

EXHIBIT 2

disappear. That is not going to happen. You have obligations to fulfill. Don't squander your friendships and all we have sacrificed for so long to achieve. Please call George no later than the end of the first week of December. Still a true friend, my regards to the children. Are you OK? Most sincerely, Brett" on October 30, 2002.

**Response**: Admitted.

5. Admit that you sent Mr. Domash a letter in July 2002 claiming to have a contract with him.

**Response**: Admitted.

6. Admit that Mr. Domash never acknowledged having a contract with you.

**Response**: Denied.

7. Admit that you never had a written agreement with Defendant relating to the allegations in paragraph 9 of the Complaint.

**Response**: Admitted.

8. Admit that you never had a written agreement with Defendant relating to any of the allegations in the Complaint.

**Response**: Admitted.

9. Admit that you have no evidence to support any of the facts or claims alleged in the Complaint.

**Response**: Denied.

10. Admit that all of your claims arose more than three years before you filed your Complaint in this action.

**Response**: Denied.

11. Admit that you are not licensed to practice law in the Commonwealth of Massachusetts.

**Response**: Admitted.

12. Admit that you have never been licensed to practice law in the Commonwealth of Massachusetts.

**Response**: Admitted.

13. Admit that you have never been licensed to practice law anywhere in the United States.

**Response**: Admitted.

14. Admit that you never had an agreement with Defendant to manage his personal legal problems.

**Response**: Denied.

15. Admit that you never had a written agreement with Defendant to manage his personal legal problems.

**Response**: Admitted.

16. Admit that you have no documentation or evidence to support the allegations contained in paragraph 6 of the Complaint.

**Response**: Denied.

17. Admit that you have no documentation or evidence to support the allegations contained in paragraph 7 of the Complaint.

**Response**: Denied.

18. Admit that you have no documentation or evidence to support the allegations contained in paragraph 8 of the Complaint.

**Response**: Denied.

19. Admit that you have no documentation or evidence to support the allegations contained in paragraph 9 of the Complaint.

**Response**: Denied.

20. Admit that you have no documentation or evidence to support the allegations contained in paragraph 10 of the Complaint.

**Response**: Denied.

21. Admit that you have no documentation or evidence to support the allegations contained in paragraph 11 of the Complaint.

**Response**: Denied.

22. Admit that you have no documentation or evidence to support the allegations contained in paragraph 13 of the Complaint.

**Response**: Denied.

23. Admit that you have no documentation or evidence to support the allegations contained in paragraph 14 of the Complaint.

**Response**: Denied.

24. Admit that you have no documentation or evidence to support the allegations contained in paragraph 17 of the Complaint.

**Response**: Denied.

25. Admit that you have no documentation or evidence to support for the damages calculation set forth in paragraph 17 of the Complaint.

**Response**: Denied.

26. Admit that Defendant never knew you as Peter Mace.

**Response**: Denied.

27. Admit that you have not incorporated a successor corporation to Investors Fidelity of America, Inc. ("IFA")

**Response**: Admitted.

28. Admit that as of November 24, 2002, at the latest, you had no reasonable expectation of receiving any money from Defendant related to any of the allegations in the Complaint.

**Response**: Denied.

29. Admit that any expenditures you made after November 24, 2002 relating to the allegations in the Complaint were unreasonable.

**Response**: Denied.

30. Admit that you made no expenditures relating to the allegations in the Complaint after November 24, 2002.

**Response**: Admitted.

31. Admit that you made no expenditures relating to the allegations in the Complaint after October 30, 2002.

**Response**: Denied.

32. Admit that any expenditures you made after October 30, 2002 relating to the allegations in the Complaint were unreasonable.

**Response**: Denied.

33. Admit that the agreement alleged in the Complaint is barred by the statute of frauds.

**Response**: Denied.

34. Admit that the agreement alleged in the Complaint is barred by the statute of limitations.

**Response**: Denied.

35. Admit that no audited financials for IFA exist.

**Response**: Admitted.

36. Admit that no board meeting minutes for IFA exist.

**Response**: Denied.

37. Admit that Defendant had no legal relationship with IFA.

**Response**: Denied.

38. Admit that you received the document attached hereto as Exhibit B on or days after November 24, 2002.

**Response**: Admitted.

Dated: 3 Nov 06   Signed: _____
                              Michael J. Trevelline, DC Bar # 437454
              Address:    1823 Jefferson Place, NW
                          Washington, DC 20036-2504
              Telephone:  (202) 737-1139/Fax: (202) 775-1118
              Email:      mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

**Certificate of Service**

I hereby certify that a copy of the **foregoing** was sent via email, this __3__ day of __Nov__, 20_06_ to: acarter@acarterlaw.com.

_____
Michael J. Trevelline

*Responses to Requests for Admission—Page 5*