UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER M. MACE,<br><br>      Plaintiff,<br><br>v.<br><br>LARRY A. DOMASH,<br><br>      Defendant. | Case No. 1:05CV02244 (HHK)<br>NEXT EVENT:<br>Close of Discovery - 2/5/07 |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LARRY DOMASH'S MOTION FOR SUMMARY JUDGMENT**

Defendant Larry Domash submits this brief reply memorandum in support of his motion for summary judgment to address certain issues raised in Plaintiff's Opposition.

A.   **Introduction**

Defendant moved for summary judgment based on Plaintiff's failure to respond to his First Set of Requests for Admission pursuant to Fed. R. Civ. P. 36 (the "Admissions"). Under Rule 36, these unanswered Admissions were deemed admitted, and given their nature, Defendant was entitled to summary judgment as a matter of law. Subsequent to the filing of the motion for summary judgment, Plaintiff finally submitted his responses – approximately three weeks past the deadline. Although the Court does have discretion to extend the deadline under Rule 36, Plaintiff has made no such request of the Court and Plaintiff's Opposition presents no valid basis for doing so.

### B. Plaintiff's Reliance on the Timing of Defendant's Production of His Initial Disclosures is Misplaced.

Plaintiff appears to ask for the Court for leniency based on the fact that Defendant served the Admissions prior to serving his Initial Disclosures. Plaintiff cites no authority for his argument that this sequence has any effect on his obligation to answer the Admissions. Moreover, it is astounding that Plaintiff would rely on the timing of Defendant's production of his Initial Disclosures, where Plaintiff still has not provided his Initial Disclosures to Defendant. Nor has Plaintiff requested any sort of extension of time with which to do so. Notably, this omission cannot be blamed on Plaintiff's former *pro se* status. Plaintiffs' third attorney on this matter filed his appearance over three weeks ago.

Plaintiff's failure to provide anything by way of Initial Disclosures is simply another example of his flouting the requirements of the Federal Rules, as set forth more fully in Defendant's Memorandum of Points and Authorities in Support of his Motion for Summary Judgment. The Court should not countenance Plaintiff's use of Defendant's Initial Disclosures as a shield, where Plaintiff has chosen to ignore his own Initial Disclosure obligations. Under the circumstances, summary judgment is appropriate here.

### C. Should the Court Deny Defendant's Motion for Summary Judgment, it Should Nonetheless Award Defendant its Costs.

As discussed in Defendant's Memorandum, should the Court afford Plaintiff leniency and deny the motion for summary judgment, it should award Defendant his costs in connection with the Motion, because no circumstances exist justifying Plaintiff's failure to respond. *See* Memorandum at 7 (citing *Davis v. Noufal*, 142 F.R.D. 258, 259-60 (D.D.C. 1992)). The Opposition wholly ignores this argument, and thus at least tacitly

2

acknowledges that there are no circumstances justifying Plaintiff's untimely response and that, at minimum, payment of Defendant's costs is appropriate.

### D. Conclusion

For the foregoing reasons, as well as those set forth more fully in his opening Memorandum, the Court should grant Defendant's summary judgment. Alternatively, because Plaintiff has failed to provide any circumstances justifying his failure to respond timely to the Admissions, the Court should award Defendant his costs incurred in connection with his motion for summary judgment.

Respectfully submitted,

/s/ Adam Augustine Carter
Adam Augustine Carter
DC Bar # 437381
888 Seventeenth Street, N.W., Suite 900
Washington, D.C. 20006-3307
Tel: 202-261-2803
Fax: 202-261-2835
acarter@acarterlaw.com

*Attorney for Larry A. Domash*

Dated: November 16, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply Memorandum of Points and Authorities in Support of Defendant Larry Domash's Motion for Summary Judgment was delivered via the ECF system to the following counsel for Plaintiff Peter M. Mace, this 16th day of November, 2006.

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, D.C. 20036-2504
mjt@mjtlegal.com.

_____
Adam Augustine Carter