UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER M. MACE<br><br>Plaintiff<br><br>v.<br><br>LARRY A. DOMASH<br><br><br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:05CV02244 (HHK)<br>) <u>NEXT EVENT:</u><br>)  Dispositive Motions Filed by<br>  4/26/07<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LARRY DOMASH'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Defendant Larry Domash opposes Plaintiff's Motion to Extend Discovery, which was filed five days <u>after</u> the discovery deadline had already expired. Plaintiff has failed to demonstrate that good cause exists to support the untimely requested extension, and he has not even attempted to demonstrate, as required, that he exercised diligence in connection with his failure to meet the current deadline. Accordingly, Defendant should not have to incur the time and expense of responding to Plaintiff's late-filed discovery requests.

**Procedural History**

Plaintiff filed his Complaint on November 18, 2005. Plaintiff's first counsel withdrew his appearance on April 14, 2006. On September 5, 2006, after Plaintiff had failed to retain successor counsel and had further failed to communicate with Defendant's

counsel for purposes of filing a Rule 16.3 report, Defendant filed a Motion for Involuntary Dismissal. On October 14, 2006, the Court, extending leniency to a then *pro se* plaintiff, denied Defendant's motion to dismiss.

While that motion was pending, on September 11, 2006, Defendant served Plaintiff with his first set of requests for admissions. By rule, the responses to these requests were due on October 11, 2006. On October 24, 2006, Plaintiff's current counsel filed his notice of appearance in this case. On October 30, 2006, several weeks after the deadline for responses to the requests for admissions and six days after Plaintiff's counsel filed his appearance, Defendant filed a motion for summary judgment based on the requests having been admitted by virtue of Plaintiff's failure to answer them within 30 days under Fed. R. Civ. P. 36. That motion for summary judgment is still pending.

On October 17, 2006, this Court issued its Scheduling Order. It set the discovery deadline on February 5, 2007 and scheduled the filing date of dispositive motions 35 days later.

On November 2, 2006, Defendant served Plaintiff with his first set of interrogatories. (A true and accurate copy of these interrogatories is attached hereto as Exhibit A). Among other things, Defendant asked for a description of each and every expenditure Plaintiff allegedly made for which he claims Defendant owes him reimbursement (essentially this interrogatory asked Plaintiff to set forth the specifics of the damages element of his claim). *See* Exhibit A, Interrogatory No. 1. On November 8, 2006, Defendant served Plaintiff with his first set of requests for documents. (A true and accurate copy of these requests is attached hereto as Exhibit B). Among other things, Defendant asked for all documents concerning monies allegedly owed by Defendant to

2

Plaintiff. *See* Exhibit B, Request No. 25. After Defendant granted Plaintiff a one-week extension in which to answer the interrogatories, on December 14, 2006, Plaintiff answered the above damages interrogatory by stating, *inter alia*, "I am in the process of working with an accountant or bookkeeper to prepare a more detailed accounting and will provide it to you when completed." *See* Plaintiff's Response to Defendant's First Set of Interrogatories, attached hereto as Exhibit C, at 3. On February 6, 2007, counsel for Plaintiff wrote counsel for Defendant that the "accountant's report is expected within a few days in my office. We will process them promptly when they are received." (A true and accurate copy of this correspondence is attached hereto as Exhibit D). To date, nearly two months later, no meaningful report – nor any answer responsive to Defendant's interrogatories regarding damages – has been provided.[1]

On December 22, 2006, Defendant noticed Plaintiff's deposition for January 4, 2007. *See* Affidavit of Douglas S. Brooks, Esq., attached hereto as Exhibit E, ¶ 2. On December 26, 2006, through his colleague or assistant, Ann Vroom, counsel for Plaintiff rescheduled Plaintiff's deposition for January 9, 2007. *Id.* ¶ 3. On December 29, 2006, counsel for Plaintiff called the undersigned to say that the deposition would again have to be rescheduled because, despite the earlier agreement, his client would not be available on January 9. *Id.* ¶ 4. With the discovery deadline of February 5, 2007 looming, counsel for Defendant agreed to reschedule Plaintiff's deposition – contingent on the Court granting an extension to the discovery deadline. *Id.* ¶ 5. Accordingly, on January 4, 2007, the parties filed a joint motion to extend the discovery deadline. On February 6, 2007, the Court granted that motion and extended all deadlines for a period of 45 days.

---

[1] On March 22, 2007, the discovery cut-off date, Plaintiff did provide what he conceded was an "incomplete" report from the accountant. This report failed entirely to respond to the interrogatory and document request discussed above.

3

This created a discovery cutoff date of March 22, 2007. Defendant took Plaintiff's deposition on February 21 and 22, 2007. *Id.* ¶ 6.

On March 15, 2007 – one week before the discovery deadline – Plaintiff served his second set of interrogatories and requests for documents. *Id.* ¶ 7. On March 21, 2007, one day before the discovery deadline, Plaintiff served his first requests for admissions on Defendant. *Id.* ¶ 8. On March 22, 2007, Defendant served his objections to all of these discovery requests, on the ground that they were not timely served. *Id.* ¶ 9.[2] Five days after the deadline had already lapsed, Plaintiff filed his motion to extend that deadline. The filing date for dispositive motions is April 26, 2007.

## Argument

Federal Rule of Civil Procedure 16(b) provides: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." The Scheduling Order in this case states: "All dates in this scheduling order are firm, may not be altered by the parties, <u>and absent truly exceptional circumstances</u>, will not be altered by the court." *See* Scheduling Order, Document 10, dated October 17, 2006, ¶ 7 (emphasis added). Further, the Scheduling Order <u>requires</u> that "[e]xcept for good cause shown, motions for continuances <u>shall</u> be filed at least four (4) days prior to the date of

---

[2] *See, e.g., See also Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219-220 (D.D.C. 2001) (holding requests for admissions served up to one week before discovery cutoff date untimely and no response necessary); *Lavin v. Walls*, 2006 WL 3370173, * 3 (S.D. Ill. Nov. 21, 2006) (discovery requests served eight days before discovery deadline untimely); *Coppola v. Bear Stearns & Co., Inc.*, 2005 WL 3159600, *1 (N.D.N.Y. Nov. 16, 2005) (discovery requests served 20 days before discovery deadline "truly untimely"); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (similar); *His Grace the Duke of Westminster v. Cessna Aircraft Co.*, 2003 WL 21384320, *4 (D. Kan. May 30, 2003) (discovery served eleven days before discovery deadline untimely); *Pratt v. Crist*, 112 F.3d 517, 1997 WL 206015, *1 (9th Cir. Apr. 21, 1997) (affirming district court's denial of discovery request as untimely filed less than 30 days before deadline); *Smith v. Principal Casualty Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) (affirming Magistrate's ruling that interrogatories untimely because "in order to meet the discovery deadline, Plaintiff should have filed his interrogatories at least 30 days before the discovery cutoff").

4

the event sought to be continued." *Id.* ¶ 6 (emphasis added). None of these requirements have been met here.

"Courts in this District have routinely denied requests for discovery beyond a cut-off date where a party has shown a lack of diligence during the allowed time period." *DAG Enterprises v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) (collecting cases from this District). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause." *Id.* (citations omitted). As the *DAG Enterprises* court held, "[i]n sum, although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus on the inquiry is upon the moving party's reasons for seeking modification. If that party is not diligent, the inquiry should end." *Id.* (citations omitted) (emphasis added).

Plaintiff's motion here does not even address the dispositive issue of diligence (or lack thereof). The motion must fail for this reason alone. Specifically, Plaintiff provides no explanation for failing to serve his discovery requests until between one week and one day before the discovery deadline, despite the Scheduling Order having been in place for five months and already having been extended once. Indeed, after the initial extension, Plaintiff served no discovery whatsoever until a week before the deadline. Nor does Plaintiff seek to explain his failure to move to extend the deadline until after it had already passed, which not only demonstrates a lack of diligence but constitutes a violation of the Court's October 2006 Scheduling Order. Under these circumstances, the diligence requirement clearly has not been met. *See DAG Enterprises*, 226 F.R.D. at 105-106.

Likewise, because Plaintiff has not demonstrated diligence related to his failing to provide information and documents concerning his alleged damages within the discovery period, the Court should not permit his tardy request for more time to do so. Plaintiff brought this claim on November 18, 2005. He acknowledges that he was aware of his claim no later than November 24, 2002.[3] Yet, now, nearly a year and one half after he brought the lawsuit and nearly four and one-half years after he admits being on notice of his claim, Plaintiff still is unable to provide evidentiary and admissible material regarding his alleged damages in response to Defendant's discovery requests for this information. Because Plaintiff has not demonstrated good cause to excuse this failure, the Court should deny his motion to extend. *See DAG Enterprises*, 226 F.R.D. at 105-106. Indeed, given Plaintiff's past discovery transgressions set forth above, his motion is especially unconvincing.

Plaintiff's reliance on the fact that Defendant will be deposing one of Plaintiff's witnesses on April 2, 2007 is unavailing. Fundamentally, this is wholly irrelevant because Plaintiff does not – and cannot – explain how this reflects on his own diligence, the <u>only</u> inquiry at issue for purposes of his motion to extend. *See id.* Moreover, Plaintiff conspicuously fails to inform the Court that Defendant timely noticed this deposition to occur <u>before</u> the discovery deadline. Based at first on Plaintiff's counsel's unavailability on the noticed date – and then on the deponent's own scheduling conflicts after Plaintiff's counsel informed the undersigned that he would not be attending the deposition

---

[3] *See* Motion of Attorney Robert A. Ackerman for Leave to Proceed in a Case by Conventional Filing and not by Electronic Transmission, Document 2, dated November 18, 2005, ¶ 7 (stating that this lawsuit had to be filed by November 24, 2005 to avoid expiration of the three-year statute of limitations). Defendant believes that under the controlling case law, Plaintiff was actually on notice of his claim well before this date, and the claim is thus barred by the statute of limitations. Defendant is in the process of preparing a motion for summary judgment on this and other grounds, which he will file by the April 26, 2007 deadline.

6

regardless of when it occurred – Defendant agreed to move the deposition past the discovery deadline. In other words, the deposition is occurring late as a courtesy that Defendant afforded to Plaintiff's counsel and witness – not the other way around. Accordingly, Plaintiff cannot now seek refuge in the timing of this deposition for his own lack of diligence.

Notably, the circumstances here are remarkably similar to those in *Gluck v. Ansett Australia, Ltd*, 204 F.R.D. 217 (D.D.C. 2001). There, like here, the conclusion of discovery was to be followed quickly by the filing of dispositive motions. *Id.* at 219. Nonetheless, just as Plaintiff did here, in *Gluck*, plaintiff served his requests for admissions "a matter of days before the discovery deadline" and failed first to seek an extension of the discovery deadline to allow defendant 30 days to answer. *Id.* The court held that this maneuver "effectively compressed the two time periods that the defendant would have been entitled to have for formulating responses and drafting dispositive motions in light of the responses into one." *Id.* at 219-220. The court thus upheld the Magistrate Judge's ruling "protecting the defendant from plaintiff's sharp practice." *Id.* at 220. Here, too, Defendant should not be required to respond to Plaintiff's untimely discovery requests.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiff's late-filed motion to extend the discovery deadline, and Defendant should not have to respond to Plaintiff's untimely discovery requests.

Respectfully submitted,

*/s/ Adam Carter (DSB)*
_____
Adam Augustine Carter
DC Bar # 437381
888 Seventeenth Street, N.W., Suite 900
Washington, D.C. 20006-3307
Tel: 202-261-2803
Fax: 202-261-2835
acarter@acarterlaw.com

*/s/*
_____
Douglas S. Brooks
*Pro Hac Vice*
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110
Tel: 617-338-9300
Fax: 617-338-9911
dbrooks@klhboston.com

Dated: March 28, 2007

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing Defendant Larry Domash's Objection to Plaintiff's Second Set of Interrogatories was delivered via email and first class mail to the following counsel for Plaintiff Peter M. Mace, this 28th day of March 2007.

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, D.C. 20036-2504
mjt@mjtlegal.com

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　Douglas S. Brooks