# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER M. MACE,<br><br>        Plaintiff,<br><br>v.<br><br>LARRY A. DOMASH,<br><br>        Defendant. | Case No. 1:05CV02244 |

## DEFENDANT LARRY DOMASH'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant Larry Domash hereby propounds its first set of interrogatories to Plaintiff Peter Mace.

### Instructions

1. The use of the present tense shall be construed to include the past tense and vice versa, to make the request inclusive rather than exclusive.

2. If you assert any privilege in responding to these interrogatories, state the type of privilege asserted and the basis for its assertion. For any document with respect to which a privilege is asserted, state:

    a. The type of document (*e.g.*, letter, memorandum, contract, etc.), the date of the document, and the subject matter of the document;

    b. The name, address and position of the author of the document;

    c. The name, address and position of each addressee or recipient of the document or any copies of it; and

    d. The present location of the document and the name, address and position of the person having custody of it.

For any communication with respect to which a privilege is asserted, please identify the privilege asserted and the full basis of same, including but not limited to the persons or entities about whom the communication took place, the date of the communication, and the subject of the communication.

3. You are to furnish all information available to you as of the date of your responses to these interrogatories, including any information obtained by or in the possession of your attorneys, representatives or agents. You have a continuing obligation to furnish all additional responsive information subsequently obtained by you and/or your attorneys, representatives and agents until this litigation is concluded.

### Definitions

For purposes of these interrogatories, the following definitions apply:

1. The term "you" or "your" refers to Defendant Peter M. Mace and each of his predecessors or successors in interest, divisions, directors, officers, employees, attorneys, agents, servants, representatives and others who have acted on his behalf.

2. The term "IFA" refers to Investors Fidelity of America, Inc. and each of its predecessors or successors in interest, divisions, directors, officers, employees, attorneys, agents, servants, representatives and others who have acted on its behalf.

3. The term "D & A" refers to Domash & Associates (as that name is referenced in the Complaint) and each of its predecessors or successors in interest, divisions, directors, officers, employees, attorneys, agents, servants, representatives and others who have acted on its behalf.

4. The term "person" shall be deemed to include natural persons, government agencies, partnerships and their members, corporations, associations, and each of their

divisions and subdivisions, and each individual member, director, officer, employee, agent, attorney, servant and others who have acted on its or for their behalf.

5. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

   a. Identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b. Identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the person involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

   d. State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

6. As used herein, the terms "identify" or "identity," when used in reference to a person, means to state his or her full name, present or last known address, employer or business affiliation, and occupation and business position held by such person, and, if deceased, so state.

7. As used herein, the terms "identify" or "identity," when used in reference to an association, company or similar organization, means to state its name, place of incorporation, if any, and the principal place of business or home office of such association, company or similar organization.

8. As used herein, the terms "identify" or "identity," when used in reference to a document, means to state when and where the document was prepared, the author(s) and recipient(s) of the document, the title or subject matter of the document, its date(s) of distribution, and the identity of the present custodian of said document. If any such writing or document was, but is no longer in your possession or subject to your control, state its disposition, the date(s) of that disposition and identify the person responsible for that disposition.

9. As used herein, the terms "identify" or "identity," when used in reference to a communication means to set forth the date and place thereof, the names of the persons participating in said communication, and a description of the content of the communication.

10. As used herein, the term "concerning" means pertaining to, relating to, referring to (directly or indirectly), describing, summarizing, contradicting, evidencing, constituting or otherwise dealing with the subject matter of the interrogatory request.

11. As used herein, the terms "and" and "or" mean and/or.

**Interrogatories**

1. Describe in detail each and every expenditure you made for which you are claiming that Defendant owes you reimbursement by (1) identifying the amount, purpose

and date of the expenditure, (2) identifying to whom the expenditure was made and (3) identifying all documents concerning such expenditures.

2. Identify all individuals employed by ("IFA") or Domash & Associates ("D & A"), including officers, directors and board members, identifying their positions and dates of employment/board service at IFA or D & A.

3. State the basis for your contention in paragraph 2 of the Complaint that Defendant is experienced in insurance company investing and equity portfolio management by (1) identifying all facts or information supporting your contention, (2) identifying all documents supporting or concerning your contention, and (3) identifying all persons possession knowledge of facts or information supporting the contention, and summarizing the facts or information each such person possesses.

4. Describe in detail the communication between the parties in April 1999 referenced in paragraphs 8 and 9 of the Complaint by (1) identifying the precise date and the location of the communication, (2) identifying everything that was said during the communication and (3) identifying any other person that was present during the communication.

5. State the basis for your contention in paragraph 19 of the Complaint that Defendant's alleged representations in April 1999 that it was his intention to reimburse Plaintiff for his expenditures were made untruthfully and with knowledge of that untruth by (1) identifying all facts or information supporting your contention, (2) identifying all documents supporting or concerning your contention, and (3) identifying all persons possession knowledge of facts or information supporting the contention, and summarizing the facts or information each such person possesses.

6. State the basis for your contention in paragraph 23 of the Complaint that you conferred a benefit on the Defendant by (1) identifying all facts or information supporting your contention, (2) identifying all documents supporting or concerning your contention, and (3) identifying all persons possession knowledge of facts or information supporting the contention, and summarizing the facts or information each such person possesses.

7. Describe in detail the involvement and relationship that Graham Capital International had with IFA and/or D & A, identifying all documents concerning this relationship and all persons possessing knowledge of facts or information regarding this relationship.

8. Describe in detail each communication you had with Defendant concerning IFA, D & A, or any other issue referenced in the Complaint by (1) identifying the content, date and location of each such communication, (2) identifying whether any other person was present during these communications, and (3) identifying all documents concerning these communications.

9. Describe in detail each time you communicated the name Larry Domash or Domash & Associates in connection with the marketing/sales of IFA, whether orally or in writing, by (1) identifying the content, date and location of each such communication, (2) identifying all persons to whom you communicated the name Larry Domash or Domash & Associates, (3) identifying the purpose of communicating the name Larry Domash or Domash & Associates and (4) identifying all documents concerning your communicating the name Larry Domash or Domash & Associates in this regard.

Respectfully submitted,

*[signature]*

Adam Augustine Carter
DC Bar # 437381
888 Seventeenth Street, N.W., Suite 900
Washington, D.C. 20006-3307
Tel: 202-261-2803
Fax: 202-261-2835
acarter@acarterlaw.com

Dated: November 2, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Defendant Larry Domash's First Set of Interrogatories was delivered via email to the following counsel for Plaintiff Peter M. Mace, this 2nd day of November, 2006.

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, D.C. 20036-2504
mjt@mjtlegal.com

_____
Adam Augustine Carter