# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER M. MACE, )
)
       Plaintiff, )
)
v. ) Case No. 1:05CV02244 (HHK)
) NEXT EVENT:
LARRY A. DOMASH, ) Close of Discovery – 2/5/07
)
       Defendant. )
)

**DEFENDANT LARRY DOMASH'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendant Larry Domash hereby requests that, in accordance with Rule 34 of the Federal Rules of Civil Procedure, Peter Mace produce the documents and things requested below for inspection and copying at the office of Adam Augustine Carter, 888 17th Street, NW, Suite 900, Washington, D.C. 20006.

**Instructions and Definitions**

The following instructions and definitions apply:

A.    If you claim that any document that is required to be produced by you in response to any of these documents requested is privileged:

    1.    Identify its title and general subject matter;

    2.    State its date;

    3.    Identify its author;

    4.    Identify the person for whom it was prepared or to whom it was sent;

    5.    State the nature of the privilege claimed;

      6.    State in detail each and every facts upon which you base your claim of privilege; and

      7.    The present location of the document and the name, address and position of the person having custody of it.

B.    If you have at any time relinquished possession, custody, or control of or destroyed any document responsive to this request, identify each document as explained in part A above and, as to existing documents, identify the person who has possession, custody, or control of such documents.

C.    "Document(s)" includes any written, recorded, or graphic matter, however produced or reproduced, of every kind and regardless of where located, including but not limited to any summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, facsimile communication, electronic mail communication, report, diary, desk or pocket calendar, notebook, daybook, appointment book, pamphlet, periodical, work sheet, cost sheet, list, graph, chart, index, tape, record, partial or complete report of telephone conversation, compilation, tabulation, study, analysis, transcript, agenda, minutes, accounting record, data sheet, data processing card or tape, computer disk or tape, bill of lading, shipping galley, or similar freight document, invoice, purchase order, instruction manual, binder, any memorials of any conversations, meetings or conferences, by telephone or otherwise, and any other writing or recording. The term documents(s) also included any drafts and non-identical copies, and any files in which responsive document(s) are maintained.

D.    The terms "Mace," "you" or "your" refer to Plaintiff Peter Mace and each

of his predecessors or successors in interest, divisions, directors, officers, employees, attorneys, agents, servants, representatives and others who have acted on his behalf.

E.   The term "IFA" refers to Investors Fidelity of America, Inc. and each of its predecessors or successors in interest, divisions, directors, officers, employees, attorneys, agents, servants, representatives and others who have acted on its behalf.

F.   The term "D & A" refers to Domash & Associates (as that name is referenced in the Complaint) and each of its predecessors or successors in interest, divisions, directors, officers, employees, attorneys, agents, servants, representatives and others who have acted on its behalf.

G.   The term "person" shall be deemed to include natural persons, government agencies, partnerships and their members, corporations, associations, and each of their divisions and subdivisions, and each individual member, director, officer, employee, agent, attorney, servant and others who have acted on its or for their behalf.

H.   "Communication" or any variant thereof, refers to any contact, oral or documentary, formal or informal, at any time or place, under any circumstances, whatsoever, whereby information of any nature was transmitted or transferred.

I.   The term "concerning" when applied to the content of any document, shall be understood to apply if the document evidences, mentions, constitutes, contains, summarizes, describes, refers to (directly or indirectly), supports, contradicts, addresses in any way or otherwise deals with the subject matter described in the Request in which the term "concerning" appears.

J.   The requested documents each include all attachments to the specifically

described documents, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be identified and produced. If the document itself was a response, the document to which it responded is also to be identified and produced.

### Requests

1. All documents passing between Mace and Defendant.
2. All documents concerning communications between Mace and Defendant.
3. All marketing and sales documents concerning IFA.
4. All documents concerning Domash & Associates.
5. All documents concerning the founding of IFA.
6. All documents concerning the incorporation of IFA.
7. All documents concerning IFA's attempts to raise money.
8. All corporate records of IFA.
9. All documents concerning the corporate closing of IFA in 2004.
10. All documents concerning Defendants that Mace provided to third parties.
11. All documents passing between Mace and George Graham.
12. All documents passing between Mace and Graham Capital International.
13. All documents concerning Graham Capital International.
14. All documents concerning expenditures that Mace made for which he seeks reimbursement through this lawsuit.
15. All documents concerning expenditures that Mace made concerning IFA that are not covered by document request no. 12.
16. All documents submitted to any public or governmental entity, including, but not limited to the Securities Exchange Commission, concerning IFA or D & A.
17. All board of director and committee meeting minutes of IFA.
18. All documents concerning Defendant's involvement with IFA or D & A.

4

19. All documents concerning the alleged contract between the parties that serves as the basis for Count I in your Complaint.

20. All documents concerning the benefit you claim you conferred on Defendant.

21. All financial documents concerning IFA.

22. All documents concerning Defendant.

23. All federal, state and local tax returns from 1999 through 2002 filed by IFA.

24. All federal, state and local tax returns from 1999 through 2002 filed by Mace.

25. All documents concerning monies allegedly owed by Defendant to you beginning in 1999.

26. All diaries, calendars or other documents concerning your involvement with IFA, D & A or any other business ventures from January 1, 1990 to November 24, 2002.

27. All documents concerning the FBI special agent referenced in your September 4, 2006 letter to the Court.

28. All documents concerning the involvement of Mr. Martin (referenced in your 10/30/02 letter to Defendant) with IFA or D & A.

29. All documents concerning the involvement of Mr. Stein (referenced in your 10/30/02 letter to Defendant) with IFA or D & A.

30. All documents concerning the involvement of Steve Killion (referenced in your 10/30/02 letter to Defendant) with IFA or D & A.

31. All documents concerning the involvement of Dr. Lee (referenced in your 10/30/02 letter to Defendant) with IFA or D & A.

32. All documents concerning the involvement of Bruce Koenig (referenced in your 10/30/02 letter to Defendant) with IFA or D & A.

33. All documents concerning the "Reg. A filing" referenced in your 10/30/02 letter to Defendant).

34. All documents supporting, contradicting or concerning your allegations in paragraph 2 of the Complaint that Defendant is "experienced in insurance company investing, investments research and equity portfolio management."

35. All documents supporting, contradicting or concerning your allegations in paragraph 5 of the Complaint.

36. All documents supporting, contradicting or concerning your allegations in paragraph 6 of the Complaint.

37. All documents supporting, contradicting or concerning your allegations in paragraph 7 of the Complaint.

38. All documents supporting, contradicting or concerning your allegations in paragraph 8 of the Complaint.

39. All documents supporting, contradicting or concerning your allegations in paragraph 9 of the Complaint.

40. All documents supporting, contradicting or concerning your allegations in paragraph 10 of the Complaint.

41. All documents supporting, contradicting or concerning your allegations in paragraph 11 of the Complaint.

42. All documents supporting, contradicting or concerning your allegations in paragraph 12 of the Complaint.

43. All documents supporting, contradicting or concerning your allegations in paragraph 13 of the Complaint.

44. All documents supporting, contradicting or concerning your allegations in paragraph 14 of the Complaint.

45. All documents supporting, contradicting or concerning your allegations in paragraph 19 of the Complaint.

46. All documents supporting, contradicting or concerning your allegations in paragraph 20 of the Complaint.

Respectfully submitted,

*/s/*

Adam Augustine Carter
DC Bar # 437381
888 Seventeenth Street, N.W., Suite 900
Washington, D.C. 20006-3307
Tel: 202-261-2803
Fax: 202-261-2835
acarter@acarterlaw.com

Dated: November 8, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Defendant Larry Domash's First Request for Production of Documents and Things was delivered via email to the following counsel for Plaintiff Peter M. Mace, this 8th day of November, 2006.

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, D.C. 20036-2504
mjt@mjtlegal.com

Adam Augustine Carter