**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter M. Mace ) <br> Plaintiffs, ) <br> vs. ) <br> Larry A. Domash ) <br> Defendant ) | Case No. 1: 05-02244 (HHK) <br> Judge Henry H. Kennedy, Jr. <br> Next Event: Dispositive Motions filed no later than 26 April 2007 |

## Reply Memorandum in Support of Motion to Extend Discovery

The Plaintiff, Peter Mace, submits this Memorandum of Points and Authorities in support of his Motion to Extend Discovery.

### I. The Law of Motions to Extend Discovery

Fed. R. Civ. Proc. R. 16 (b) and Local Civil Rule 16.4 direct courts to grant a motion to modify a scheduling order when "good cause" exists. The Court has "considerable discretion in determining what kind of showing satisfies this mid-range, good cause standard." 3 Moore's Federal Practice § 16.14[1][b] (Matthew Bender 3d ed.). And "courts are least likely to grant extensions when they feel that counsel have not met their case development responsibilities with due diligence. Carelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief." Id. Moore's Federal Practice then summarizes the law as follows:

> Conversely, courts are likely to grant extensions when the moving party can show that it has worked diligently to position the case for trial or for disposition by motion, but

*Reply Memorandum—Page 1*

>foreseeable circumstances, or events beyond its control (like the belated and unforeseen introduction of a new claim by an opponent, or joinder of a new party), have so intervened that the moving party will not have a fair opportunity to develop the evidence it needs if the time limits that were set in the original scheduling order remain in effect.  Similarly, courts are likely to grant extensions to a moving party if they already have granted extensions to an opponent and refusing to grant comparable relief would put the moving party at an unfair disadvantage.  Some court will grant continuances to accommodate priority commitments demanded by other cases, or in response to personal emergencies faced by clients or their counsel.  In short, "good cause" is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.

Id.

Defendant relies on a Judge Roberts decision, Gluck v. Ansett Australia, Ltd., 204 F.R.D. 217 (D.D.C. 2001), arguing it is "remarkably similar."  (Opposition Memorandum at 7.)  In Gluck, the plaintiff had submitted requests for admission days before the discovery closed date and then filed a motion to compel.  Judge Roberts observed that this "effectively compressed the two time periods that the defendant would have been entitled to have for formulating responses and drafting dispositive motions in light of the responses into one." Id. at 219-20.  Defendant argues this observation is a description of Plaintiff's motion.  (Opposition Memorandum at 7.)  But Plaintiff has not filed a motion to compel, rather a motion to extend all discovery dates by thirty days.  This is the precise motion that Judge Roberts suggested that Gluck should have filed in the sentence immediately before the one cited by

Defendant—"[Gluck] neither sought an extension of the discovery deadline to allow the thirty days for defendant's responses nor moved to shorten defendant's response time." Id. at 219. In addition, there were several other circumstances against Gluck's position not present here. Id. at 220-221. Therefore, Gluck actually supports the granting of Plaintiff's motion.

## II. Circumstances Supporting Extending Discovery

Five days after the 22 March discovery completion date, Plaintiff filed his motion to extend all scheduling order deadlines for a modest thirty days. Plaintiff respectfully asks for this modest extension in order to allow Plaintiff to complete discovery in this matter. The fact is that undersigned counsel was only hired in October has diligently worked on this matter and is only asking for a small extension. Several circumstances explain the need for this extension.

First, in part Plaintiff's damages consist of the total debt incurred on several credit cards. The credit card statements number over 1,400. As described in his affidavit at Exhibit A, Plaintiff has raised $5,000 and paid it to a certified public accountant to provide a financial report summarizing the statements. On 14 March, the CPA wrote a letter (Exhibit B to Motion to Extend) indicating that several of the statements were

missing. These have been ordered so that the report will be done soon. Discovery should be extended to accommodate the report.

Second, a major witness, Dr. George Graham, was deposed on 2 April. Defendant did not serve the notice of deposition until eight days before discovery closed. (Exhibit B.) In recognition of the fact that discovery is ongoing, discovery should be extended to accommodate this deposition. Third, as documented in the prior Joint Motion to Extend Discovery, circumstances outside of Plaintiff's control delayed the taking of Plaintiff's deposition until 21 February so that undersigned counsel was not able to analyze it and prepare follow-up discovery until March. Fourth, this Court has already granted a discovery extension in part to accommodate the schedule of counsel for Defendant so that it would be unfair to now deny such to Plaintiff. (Joint Motion to Extend Discovery at 1-2.)

### III. Conclusion

Since discovery is still on-going and since the parties are diligently working on discovery, the discovery deadlines should be extended by a modest amount of time—thirty days. Such would allow the evidence to be efficiently and fully developed for trial.

Respectfully submitted,

Dated: 3 April 2007   Signed:   __/s/_____
                                Michael J. Trevelline, DC Bar # 437454
                     Address:   1823 Jefferson Place, NW
                                Washington, DC 20036-2504
                     Telephone: (202) 737-1139/Fax: (202) 775-1118

*Reply Memorandum—Page 4*

     Email:   mjt@mjtlegal.com
     Attorney for **Plaintiff Peter M. Mace**

2 Exhibits:
A.  Affidavit of Plaintiff Peter Mace
B.  17 March 2007 letter from Ms. Erin O'Connor, counsel to Dr. Graham

## Certificate of Service

 I hereby certify that a copy of the **foregoing** was served by electronic case filing through the Court:

               __/s/_____
               Michael J. Trevelline