# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER M. MACE<br><br><br><br><br><br>Plaintiff<br><br>v.<br><br>LARRY A. DOMASH<br><br><br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV02244 (HHK)<br>)  <u>NEXT EVENT:</u><br>)  Close of Discovery – 2/5/07<br>)<br>)<br>)<br>)<br>) |

<u>**AMENDED NOTICE OF DEPOSITION**</u>

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30, defendant, through his undersigned attorneys, will take the deposition upon oral examination of Peter "Brett" Mace on February 21, 2007, at 9:30 a.m. and February 22, 2007 at 2:00 p.m., at the offices of Adam Augustine Carter, 888 Seventeenth Street, N.W., Suite 900, Washington, D.C. 20006-3307, before a notary public or other person authorized to administer oaths.

The examination will continue from day to day until completed. You are invited to attend and cross examine.

Defendant requests that Mr. Mace bring with him any and all documents described in Exhibit A and Exhibit B to this Notice.

company's board structure including committee changes; changes in corporate officers and senior management with explanations; (w) name of all investment banking, venture capital, banking institutions, attorneys, investments professionals, actuaries and industry consultants contacted during each year by the board, officers or employees; (x) all compensation contracts and or agreements entered into by the company or its officers; and (y) all other work done under the corporate veil of Investors Fidelity of America not mentioned in items (a) – (x).

14.    All documents concerning the previous employment of Peter "Brett" Mace.

15.    All documents supporting Plaintiff's contention that he had exhausted his personal resources in 1999, including, but not limited to:

(a) all federal, state and local tax returns filed by Mace and/or anyone in his household from 1989 to 1998; (b) all bank account statements, including but not limited to checking, savings, thrift and other monies held within the Mace household at a depository institution from 1989 to present; (c) all investment account statements including but no limited to brokerage accounts, IRAs, deferred compensation and or retirement accounts; (d) any and all documents reflecting all other assets held by the Mace household, including antiques, jewelry, books and any other fungible asset; (e) all documents reflecting all household expenditures from 1989 to present;

16.    All documents supporting Plaintiff's contention that he made any of the expenditures for which he claims he is owed reimbursement from Defendant in this action, including, but not limited to:

(a) copies of all cancelled checks that he made payable to any credit card companies or other third party for which Mr. Mace claims he is owed reimbursement from Defendant; and (b) copies of any documents demonstrating that Plaintiff used his own personal funds for any payments he made by way of cashiers check for which he claims he is owed reimbursement from Defendant.

3