# EXHIBIT H

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Larry A. Domash | ) |
| Defendant | ) |
| | ) |

Case No. 1: 05-02244 (HHK)
Judge Henry H. Kennedy, Jr.
Next Event:  Dispositive Motions filed no
later than 26 April 2007

### Motion to Extend Discovery

The Plaintiff, Peter Mace, pursuant to Fed. R. of Civ. P.

16(b) moves this Court to modify the scheduling order by

extending all deadlines by 30 days.

The facts and legal grounds on which this motion is

based are:

1.     In late January, a Dr. George Graham produced to

Plaintiff many documents relevant to the claims of this litigation.

Plaintiff promptly processed the documents, bates-stamped them

Graham 0001 through 2799, and provided them to Defendant on 2

February.  Since Dr. Graham appears to be a significant witness in

this litigation, Defendant has noticed his deposition in Milwaukee,

Wisconsin, presently scheduled for 2 April, and Plaintiff has given

his consent to Defendant taking the deposition past the 22 March

discovery date; however, Defendant has objected to Plaintiff

submitting written discovery requests within thirty days of the

discovery deadline.  Plaintiff has submitted additional written

*Motion to Extend Discovery—Page 1*

discovery to Defendant, and Defendant objected since submitted less than thirty days of the present discovery deadline.

2.        In addition, Plaintiff has employed an accountant to analyze and prepare a report concerning the credit card statements, which total over 1,400 pages. Because it will take several more days to obtain several missing statements and since tax season makes the accountant unavailable for several weeks, Plaintiff needs more time to finish and produce the report.

Respectfully submitted,

| | | |
|---|---|---|
| Dated: 27 March 2007 | Signed: | /s/ |
| | | Michael J. Trevelline, DC Bar # 437454 |
| | Address: | 1823 Jefferson Place, NW |
| | | Washington, DC 20036-2504 |
| | Telephone: | (202) 737-1139/Fax: (202) 775-1118 |
| | Email: | mjt@mjtlegal.com |

Attorney for **Plaintiff Peter M. Mace**

### Certificate of Attempted Consent

I hereby certify that consent for the relief sought in this motion was diligently sought but

__X__ was refused.

____ Communication with the affected party was attempted but was unsuccessful.

Dated: 27 March 2007

/s/
Michael J. Trevelline

## Memorandum of Points and Authorities

### I. Facts

3.        Under the current scheduling order, discovery was to be completed on 22 March 2007. In late January, a Dr. George Graham produced to Plaintiff many documents relevant to the

*Motion to Extend Discovery—Page 2*

claims of this litigation. Plaintiff promptly processed the documents, bates-stamped them Graham 0001 through 2799, and provided them to Defendant on 2 February. Since Dr. Graham appears to be a significant witness in this litigation, Defendant has noticed his deposition in Milwaukee, Wisconsin, presently scheduled for 2 April, and Plaintiff has given his consent to Defendant taking the deposition past the 22 March discovery date; however, Defendant has objected to Plaintiff submitting written discovery requests within thirty days of the discovery deadline. Plaintiff has submitted additional written discovery to Defendant, and Defendant objected since submitted less than thirty days of the present discovery deadline. In addition, as seen on Defendant's privilege log found at Exhibit A, Defendant has claimed that many documents he possesses touching on his relationship with Dr. Graham are privileged. Plaintiff anticipates that the deposition may well show that such documents are not privileged, which would result in the production of further documents past the discovery deadline.

Plaintiff is seeking to prove damages through the presentation of credit card debt incurred from April 1999 through November 2002. This credit card debt was incurred through the use of at least ten different credit cards. To make analysis of the 1,400 pages of statements more manageable, Plaintiff has employed an accountant to analyze and prepare a report

*Motion to Extend Discovery—Page 3*

concerning the credit card statements.  The accountant has found

that several of the credit card statements are missing and are

needed to complete the report.  The accountant's letter is found at

Exhibit B.  Because it will take several more days to obtain these

statements and since tax season makes the accountant unavailable

for several weeks, Plaintiff needs more time to finish and produce

the report.

## II.  Law & Argument

Federal Rule of Civil Procedure 16(b) provides, "A schedule

shall not be modified except upon a showing of good cause and by

leave of the district judge . . . ."  "The primary measure of Rule

16's 'good cause' standard is the moving party's diligence in

attempting to meet the case management order's requirement.  A

district court should also consider possible prejudice to the party

opposing the modification."  Andretti v. Borla Performance

Industries, Inc., 426 F.3d 824, 830 (6th Cir. 2005) (approving the

late modification of a scheduling order) (quoting Inge v. Rock Fin.

Corp., 281 F.3d 613, 625 (6th Cir. 2002).  In addition, a court found

it a significant factor in allowing a late-filed request to amend

where the moving party "acted diligently in seeking . . . [to amend

and the] request to amend was a prompt effort to remedy . . . ." a

deficiency.  Holman v. Rock Financial Corp., 388 F.3d 930, 934

(6th Cir. 2004).

The three relevant considerations argue in favor of extending

*Motion to Extend Discovery—Page 4*

the scheduling order. First, good cause exists to allow an extension of discovery since discovery is still occurring. A major witness, Dr. Graham, is presently scheduled to be deposed. Plaintiff is working to assemble financial documents, but needs several more weeks to do so. Second, Defendant could not be prejudiced by a further extension of the discovery clock where it is itself still conducting discovery and is doing so with the consent and cooperation of Plaintiff. Third, although undersigned counsel has arguably made an error in submitting discovery requests less than thirty days before discovery is scheduled to end, Plaintiff has acted promptly to remedy this by filing this Motion just days before it realized the error, not months later as in many of the reported cases denying such a motion.

### III. Conclusion

Since discovery is still on-going and since the parties are diligently working on discovery, the discovery deadlines should be extended by the small amount of time—thirty days. Such would allow the evidence to be efficiently and fully developed for trial.

Respectfully submitted,

Dated: 27 March 2007      Signed:      /s/
                                      Michael J. Trevelline

4 Exhibits:
A. Defendant's privilege log
B. 13 March letter from certified public accountant
C. Current Schedule
D. Proposed Order

*Motion to Extend Discovery—Page 5*

## Certificate of Service

I hereby certify that a copy of the **foregoing** was served by electronic case filing through the Court:

/s/
Michael J. Trevelline

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1: 05-02244 (HHK) |
| | ) Judge Henry H. Kennedy, Jr. |
| Larry A. Domash | ) |
| Defendant | ) |

## <u>Order</u>

This matter came before the Court upon Plaintiff's Motion to Extend Discovery, and it

appearing that good cause does exist for such motion;

IT IS THEREFORE ORDERED, that the Motion to Extend Discovery be, and it is, hereby

GRANTED;

This case will be governed by the following deadlines:

1. Discovery shall be completed by 21 April 2007.

2. Any dispositive motion shall be filed by no later than 26 May 2007.

3. Any opposition to any dispositive motion shall be filed no later than 23 June 2007.

4. Any Reply shall be filed no later than 11 July 2007.

Dated: _____          _____

                                                 The Honorable Judge Henry H. Kennedy, Jr.

Copies to:

Michael J. Trevelline
Attorney-at-Law
1823 Jefferson Place, NW
Washington, DC 20036-2504

Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110