# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace<br><br>    Plaintiff,<br><br>        vs.<br><br>Larry A. Domash<br><br>    Defendant | Case No. 1: 05-02244 (HHK  DAR)<br>Judge Henry H. Kennedy, Jr.<br>Magistrate Judge Deborah A. Robinson<br>Next Event:  Dispositive Motions due 21<br>days after discovery disputes resolved |

## Memorandum of Points & Authorities
## in Opposition to
## Defendant Larry Domash's Motion to Strike
## Plaintiff's Second Supplemental Rule 26 (a)(1) Disclosures

### I.  Summary

Plaintiff incurred $250,000 worth of credit card debt because of Defendant.  Neither party in discovery developed facts relating to the number of hours Plaintiff has spent managing such debt and the stress such has caused him.  In reviewing the file, Plaintiff noticed this and has sought to remedy this by so informing Defendant of these facts.  Defendant has filed a Motion to Strike but has failed to discuss the law of motions to strike nor even to cite the relevant procedural rule.  Under Fed. Civ. Proc. R. 7 (b)(1)'s requirement that a motion "shall state with particularity the grounds therefore," Defendant's motion must therefore be denied without prejudice to refile on clearer grounds.  Plaintiff can only speculate what legal arguments he needs to address to counter Defendant's motion.

### II.  Facts

*Opposition to Motion—Page 1*

Plaintiff's suit is on a breach of contract count and two related counts of fraud and quantum meruit. In essence, Plaintiff alleges that in April of 1999 he contracted with Defendant for Plaintiff to invest time, effort and money into a startup insurance company and for Plaintiff to assist Defendant with his personal legal problems. In exchange, Defendant promised to reimburse Plaintiff for all expenses and to pay for Plaintiff's living expenses during the startup period. (Complaint ¶¶ 8-9; Answer to Interrogatory No. 1, found at Exh. E to Defendant's Motion to Strike.)

With the knowledge and consent of Defendant, Plaintiff incurred such expenses through approximately ten credit cards. (Answer to Interrogatory No. 1, found at Exh. E to Defendant's Motion to Strike.) The reimbursable expenses amount to approximately $250,000. (See the "Wherefore" paragraphs of the Complaint.) Since by the terms of the agreement virtually all expenses incurred by Plaintiff were to be reimbursed and since all such expenses were incurred through credit cards, the credit cards statements contain a complete record of the amount Defendant owes Plaintiff.

In his Initial Disclosure (attached as Exhibit A), Plaintiff reported that he was suing to recover the credit card debt owing (Exh. B, Initial Disclosures at 4), and that he had included interest and charges of approximately $50,000. (Exh. B, Initial

*Opposition to Motion—Page 2*

Disclosures at 4). In discovery, Defendant never inquired further into damages other than asking about the basis of the claim that Defendant is obliged to reimburse the credit card debt and asking about the amount of such debt. (Deposition of Plaintiff Peter Mace, extract found at Exhibit B to Defendant's Motion to Strike.)

In reviewing the file, Plaintiff has realized that he never specifically stated the implication of page four of the Initial Disclosures, which is that Plaintiff has incurred damages from the fact of such a credit card debt, damages both tangible and intangible. Plaintiff has recently amended the Initial Disclosures to explain this. Since the amendment was made after the discovery cut-off, Plaintiff has offered to submit to any out-of-time discovery requests on this disclosure.

(The Defendant in his Memorandum spends pages detailing facts and arguments supporting a contention that Plaintiff has not provided adequate discovery in general. Since Defendant is awaiting a telephone conference with the Court in accordance with the Scheduling Order, Plaintiff can only speculate that Defendant is so anxious about his planned Motion to Compel that he is seeking to insert his planned Motion to Compel arguments in his present motion. Although Plaintiff disagrees vigorously with Defendant's Motion to Compel arguments presented, they are relevant to the Motion to Strike and so Plaintiff declines to prematurely address the arguments here. However, should the

*Opposition to Motion—Page 3*

Court believe the Motion to Compel facts and arguments are relevant here, Plaintiff requests that the Court give him notice to file a memorandum on that subject. Plaintiff does alert the Court that Plaintiff possesses evidence proving erroneous Defendant's Motion to Compel arguments and the alleged facts supporting them.)

### III.  Law & Argument

#### A.  Law of Motion to Strike

Quite puzzlingly, Defendant never sites any law governing a motion to strike. However, Fed. Civ. Proc. R. 12 (f) does indeed provide for striking materials from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The question arises whether "any pleading would include discovery materials such as the Initial Disclosures. It does not. Fed. Civ. Proc. R. 7 (a) defines a pleading so as not to include discovery materials. The courts agree. "Only materials included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 Moore's Federal Practice, § 12.37[2] (Matthew Bender 3d ed.) (footnotes omitted).

#### B.  Fed. Civ. P. R. 7(b) Particularity Requirement

In the "Motion to Strike" itself, Defendant asks the Court "to

*Opposition to Motion—Page 4*

strike Plaintiff's second supplemental disclosures and preclude [sic] Plaintiff from proceeding on either of his two new damages claims and theories and from introducing evidence (at trial or in connection with dispositive motions) related thereto." No where does Defendant address the law of a motion to strike. Rather, Defendant spends the great part of its memorandum presenting and arguing facts supporting its belief that Defendant has not adequately responded to discovery requests—apparently a type of preview to its planned Motion to Compel discovery. (Memorandum in Support of Motion to Strike at 2-10.) Moreover, in the argument section of his Memorandum, Defendant proceeds neither by discussing the law of motions to strike, nor by discussing the law of discovery and motions to compel (which would be expected from the eight-page discussion of discovery), but rather Defendant cites exclusively to the law of motions to amend a pleading. (Memorandum in Support of Motion to Strike at 10-13.) No where does Defendant explain the connection between its title "Motion to Strike," its eight-page discussion of how unhappy it is with discovery, and the law of motions to amend.

  Fed. Civ. Proc. R. 7 (b)(1) provides that a motion "shall state with particularity the grounds therefore, and shall set for the relief or order sought." Although Defendant does state with particularity the relief sought—that certain damage evidence be excluded—he

*Opposition to Motion—Page 5*

fails to "state with particularity the grounds therefore." Plaintiff is not sure what law to address—the law of motions to strike? the law of motions to compel discovery? or the law of motions to amend? (Although Defendant never discusses the law of a motion <u>in limine</u>, as far as Plaintiff can divine, such seems to be the most likely label to place on Defendant's motion.)

Given the confused state of Defendant's reasoning to support its apparent motion to exclude evidence, Defendant has failed to meet the Rule 7 (b)(1) particularity requirement and so his motion should be denied for that reason, with leave to re-file on clearer grounds. Although the rule is to be construed liberally, it will be enforced where prejudice is caused. 2 <u>Moore's Federal Practice</u>, § 7.03[4][a] (Matthew Bender 3d ed.). Plaintiff is prejudiced here because he does not really know the legal grounds for the Motion and so can only guess at what law to address.

Plaintiff does, however, below address the law of some possible theories that may be behind Defendant's Motion.

### C.  Motion to Amend

#### 1. Necessity to Address

Defendant argues that by identifying further damages incurred, that such identification is in the nature of an amendment to the Complaint. (Memorandum in Support of Motion to Strike at 10.) However, the identification of further damages suffered is not

based on any new legal theory that was not stated in the Complaint, rather it was an explicit statement of a fact only implicitly found in the prior Initial Disclosures—that the credit card debt also caused emotional suffering and occupied time in dealing with the debt. Nevertheless, as a service to the Court, Plaintiff now discusses motions to amend.

### 2. Law of Motions to Amend

Fed. Civ. Proc. R. 15 (a) provides in part: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Courts generally will exercise their discretion to refuse an amendment only if allowing it would cause undue prejudice to the opposing party." Kane, <u>Civil Procedure In a Nut Shell</u> §3-9 (West Publishing Co., St. Paul 1991). The U.S. Supreme Court has addressed the question of when it is an abuse of discretion to deny a Rule 15 (a) motion to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Commentators summarize the analysis of whether a party will be prejudice thus:

> the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. In order to reach a decision on this point, the court will consider the position of both parties and the effect the request

*Opposition to Motion—Page 7*

> will have on them. This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.

Wright, Miller & Kane, Federal Practice and Procedure: Vol. 6 §1487 (1990)(citations omitted).

How to weigh the potential prejudice where the motion to amend is filed late in the litigation process has been address by courts. Wright, Miller and Kane summarize how courts view delay as follows:

> In most cases, delay alone is not sufficient reason for denying leave. However, an amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action. If no prejudice is found, the amendment will be allowed.

Federal Practice and Procedure, Id. at §1488 (citations omitted).

The District of Columbia Circuit has spoken to the issue of delay:

> In Doe v. McMillian, the motion to amend came over thirty-eight months after the filing of the original complaint, and the movant had given no prior indication of the potential change in the theory of the case and had offered no reason for its failure to seek amendment earlier. We stated that
>
> > [W]hen a plaintiff seeks to file an amended complaint this tardily, it is within the sound discretion of the district court, in consideration of the potential for prejudice to the other party and the interest in eventual resolution of the litigation, to deny leave to amend. [Doe v. McMillian,] 566 F.2d [713,] 720 [1977] (citations omitted).

Williamsburg Wax Museum v. Historic Figures, Inc., 810 F.2d 243, 247-48 (1987).

Finally, Rule 15 needs to be read in its proper perspective with the rest of the Rules of Civil Procedure:

> Technically, these amendments [to pleadings] are not necessary since Rule 54(c) provides that regardless of the formal demand for relief, "every final judgment will grant the

*Opposition to Motion—Page 8*

> relief to which the party in whose favor it is rendered is entitled . . . ." However, a party desiring to change the demand for relief may do so under rule 15(a). This may be the safer course to pursue, particularly if the party intends to ask for an entirely different form of relief and wants to be certain that the court considers that remedy. Amendment also avoids any possibility that the opposing party will object on the ground of surprise or prejudice."

Federal Practice and Procedure, supra at §1487 (citations omitted).

### 3. Argument on Motion to Amend

Plaintiff submits that in accessing the arguments and the conduct of parties, a little common sense would go far in placing them in proper perspective. Plaintiff stated in its initial disclosures that he had incurred credit card debt of $250,000 because of Defendant. Plaintiff now adds the obvious: he has spent several hours managing such a volume of debt and that the fact of the debt has caused him stress. Plaintiff explains that he makes this clarification not out of any intention to trick or delay, but out of a review of the litigation file. And Plaintiff offers to respond to any discovery that may arise from this clarification. No prejudice or unseemly motives could be drawn from these facts so that any perceived de facto amendment should be allowed. It is significant that the Scheduling Order is now in abeyance—dispositive motions are due 21 days after discovery disputes are resolved—so that adequate time remains to conduct discovery on these additional facts. It is significant as well that anyone with common sense when told of a man who incurred $250,000 worth of credit card debt because of another's breach would immediately think of the stress this much be causing.

*Opposition to Motion—Page 9*

At the same time, Defendant's protestations of surprise and statement that extensive and expensive discovery must now be taken is far fetched. As Rule 54 (c) provides, Plaintiff should be granted the relief to which he is entitled. That Plaintiff and Defendant failed early to discuss the hours spent managing $250,000 in credit card debt and the stress it causes does not belie the fact that such are indeed items of expense.

## IV.  Conclusion

WHEREFORE, since Defendant has failed to explain the grounds for his Motion to Strike or even to cite the Rule governing motions to strike, it must be denied; as well, even if treated as an opposition to a motion to amend, the motion must be denied since Defendant's claims of prejudice and the need for extensive and expensive discovery is at best farfetched.

Respectfully submitted,

Dated: 17 July 2007

Signed: ___/s/  Michael Trevelline_____
Michael J. Trevelline, DC Bar # 437454
Address: 1823 Jefferson Place, NW
Washington, DC 20036-2504
Telephone: (202) 737-1139/Fax: (202) 775-1118
Email: mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

2 Exhibits:
A.  Initial Disclosures of Plaintiff Peter Mace
B.  Proposed Order

## Certificate of Service

I hereby certify that the **foregoing** this **17 July 2007** was served by electronic case filing through the Court.

___/s/  Michael Trevelline_____

*Opposition to Motion—Page 10*

                                                             Michael J. Trevelline