UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER M. MACE | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:05CV02244(HHK-DAR) |
| | ) <u>NEXT EVENT:</u> |
| LARRY A. DOMASH | ) Dispositive Motions Filed 21 days after discovery disputes resolved |
| Defendant | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
LARRY DOMASH'S MOTION TO STRIKE PLAINTIFF'S SECOND
<u>SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES</u>**

Defendant Larry Domash submits this short reply memorandum to address certain erroneous arguments in Plaintiff's Opposition to Defendant's Motion to Strike.

The crux of Plaintiff's Opposition is that Defendant's motion should be denied (with leave to re-file under a different name) because motions to strike are limited to "pleadings." This is incorrect. In this District, filing motions to strike non-pleadings is commonplace, and Courts routinely address such motions on the merits. Indeed, courts in this district have routinely decided – and, where appropriate, granted – motions to strike, like the one at bar, made in the discovery context. *See, e.g., United States v. Philip Morris USA, Inc.*, 219 F.R.D. 198, 203 (D.D.C. 2004) (granting Plaintiff's motion to strike material in summary judgment motion which demonstrated failure to timely supplement discovery responses); *Permanent Financial Corp. v. Taro*, No. 84-1979

(LFO/PJA), 1987 WL 33410, *2 (D.D.C. Dec. 23, 1987) (granting defendant's motion to strike damages claims and motion to strike expert witnesses due to plaintiff's discovery violations); *Cook v. Boorstin*, No. 82-0400, 1987 WL 25446, *2 (D.D.C. Nov. 19, 1987) (granting motion to strike attachment to interrogatory answers); *Pearce v. E.F. Hutton Group, Inc.*, 117 F.R.D. 480, 482 (D.D.C. 1987) (granting motion to strike plaintiff's supplemental interrogatory answers). *See also Gordon v. Federal Deposit Ins. Corp.*, 472 F.2d 578, 581 (D.C. Cir. 1973) (remanding to clarify reason district court denied motion to strike requests for admissions).

Ignoring the above caselaw from <u>this</u> District, Plaintiff instead cites to *Moore's Federal Practice*. Plaintiff fails to mention, however, that the cited section in *Moore's* relies exclusively on cases from <u>Illinois</u>. More importantly, the principal Illinois case cited by *Moore's* actually supports Defendant's position here. *See Hrubec v. National Railroad Passenger Corp.*, 829 F. Supp.1502 (N.D. Ill. 1993). After determining that a motion to strike could not be directed at <u>another</u> motion to strike, the *Hrubec* court held: "There is no dispute that a motion to strike may be used to remove an excessive or unauthorized claim for damages." *Id.* at 1507. This is precisely what Defendant has done here.

As a corollary to his (erroneous) argument that motions to strike are *per se* forbidden except when directed towards pleadings, Plaintiff argues that Defendant's motion violates Rule 7(b)(1)'s requirement that a motion "shall state with particularity the grounds therefore." This, too, is incorrect. In his principal supporting memorandum, Defendant made clear the grounds for his motion: (i) Plaintiff's supplemental damages disclosures were made more than four and one-half years after Plaintiff acknowledges

that he became aware of his alleged cause of action, more than 19 months after bringing this suit and more than two months after the already twice-extended discovery deadline lapsed; and (ii) permitting Plaintiff to proceed on his new damages claims and theories would require Defendant to conduct – at his own expense – significant, additional discovery.[1]  Accordingly, Plaintiff's claim that "he does not really know the legal grounds for the Motion and so can only guess at what law to address" has no merit.

Even if the Court determines that Defendant should have styled the motion as something other than a motion to strike, the Federal Rules dictate that it should nonetheless decide the motion, as it presently stands, on the merits.  *See Snyder v. Smith*, 736 F.2d 409, 419 (7th Cir. 1984), *rev'd on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998) ("The Federal Rules are to be construed liberally so that erroneous nomenclature in a motion does not bind a party at his peril.") *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) ("The court will construe [a motion], however styled, to be the type proper for the relief requested."); 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 7.05, pp. 7-16 to 7-17 (1989) ("[I]t is the motion's substance, and not merely its linguistic form, that determines its nature and legal effect.").  The principle behind this proper application of the Rules is especially compelling here, where both the <u>grounds</u> for the motion (*see* above) and the <u>relief</u> Defendant seeks (*i.e.,* precluding Plaintiff from proceeding on either of the new damages claims and theories and from introducing evidence related thereto) are made perfectly clear in the motion.

---

[1] In his Opposition, Plaintiff complains that Defendant discusses Plaintiff's previous – and ongoing – discovery violations.  Contrary to Plaintiff's implication, however, Defendant's background discussion of the discovery history in this case is proper and relevant in the context of the current motion.  Indeed, Plaintiff's other discovery violations are certainly germane to the Court's determining whether to permit Plaintiff to assert a claim that would result in additional timely discovery and also significantly delay resolution of this case.

Finally, one additional point deserves mention. As Defendant explained in his principal memorandum, he was forced to file an <u>affirmative</u> motion in response to Plaintiff raising new damages claims and theories, because Plaintiff chose to do so in a "backdoor" fashion. Plaintiff should have filed a motion for leave to amend his complaint, or, at least, a motion to re-open discovery for purposes of seeking permission to proceed on his new damages claims. If he had done so, Defendant would have had the opportunity to file an opposition in due course, at least largely (if not entirely) based on the same legal and factual grounds on which he relies for the current motion to strike. Instead, however, Defendant had no meaningful choice but to file a motion to strike the supplemental damages disclosures. As such, the Court should not now entertain Plaintiff's objection to the styling of Defendant's motion, which Plaintiff made necessary by his own actions.[2]

        Respectfully submitted,

        For Defendant Larry Domash,

        /s/ Adam Augustine Carter
        Adam Augustine Carter
        DC Bar # 437381
        888 Seventeenth Street, N.W., Suite 900
        Washington, D.C. 20006-3307
        Tel: 202-261-2803
        Fax: 202-261-2835
        acarter@acarterlaw.com

---

[2] At minimum, should the Court agree with Plaintiff (notwithstanding the above caselaw from this and other jurisdictions) that Defendant's objection to the new damages claims is not appropriately made by way of a "motion to strike," <u>and</u> that such styling prevents disposition of the motion at the current time, Defendant requests that the Court deem Plaintiff's supplemental disclosures as a motion for leave to amend the Complaint and/or a motion to re-open discovery and deny it for the reasons set forth in Defendant's principal memorandum.

/s/ Douglas S. Brooks
Douglas S. Brooks
*Pro Hac Vice*
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110
Tel: 617-338-9300
Fax: 617-338-9911
dbrooks@klhboston.com

Dated: July 18, 2007

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing memorandum was delivered via the Court's electronic filing system to the following counsel for Plaintiff Peter M. Mace, this 18th day of July, 2007.

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, D.C. 20036-2504
mjt@mjtlegal.com

                                                /s/ Douglas S. Brooks_____
                                                Douglas S. Brooks