### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace | ) |
| Plaintiff, | ) Case No. 1: 05-02244 (HHK) |
| | ) Judge Henry H. Kennedy, Jr. |
| vs. | ) Magistrate Judge Deborah A. Robinson |
| | ) Next Event:  Status Hearing 27 September |
| Larry A. Domash | ) at 3:30 |
| Defendant | ) |
| | ) |

## Motion to Compel Discovery

The Plaintiff, Peter Mace, pursuant to Federal Civil Procedure Rule 37 moves this Court to compel the Defendant, Larry Domash, to provide discovery by producing his tax records.

The facts and legal grounds on which this motion is based are:

1.     Mace in his Complaint alleges fraud and states that Domash perpetrated the fraud by misrepresenting his financial condition.  Domash repeatedly said that he would reimburse Mace as soon as Domash's financial situation stabilized, but that it had not yet stabilized.  Mace claims these representations were false in part because Domash's financial situation had stabilized.  To prove this claim of fraud, Mace seeks in requests for production Domash's financial records.  Domash claims he has no financial records and that he has not reason to provide his divorce records other than the one financial statement he dif file with a family court.

2.     Since no other financial records exist (according to

*Page 1*

Domash), Mace as a compromise seeks Domash's tax returns.

Domash refuses the request. The law provides that he must

produce his tax returns under these facts.

      3.     The reason for this motion are set forth more fully

in the following memorandum of points and authorities.

      Respectfully submitted,

Dated: 17 September 2007   Signed:   ___/s/_____
                           Michael J. Trevelline, DC Bar # 437454
                  Address:    1823 Jefferson Place, NW
                           Washington, DC 20036-2504
                  Telephone: (202) 737-1139/Fax:  (202) 775-1118
                  Email:      mjt@mjtlegal.com
                  Attorney for **Plaintiff Peter M. Mace**

## Certificate of Attempted Consent & Meeting

      I hereby certify that consent for the relief sought in this motion was diligently sought and

was refused and that under Federal Civil Procedure Rule 37 Counsel for Plaintiff met with

Counsel for Defendant on 3 May 2007 by telephone and the parties were unable to settle the

discovery disputes Plaintiff complains of in this motion.  Further, attached as Exhibit D is

Plaintiff's letter demanding the tax records and at Exhibit E is Defendant's response.

      Since 3 May, Plaintiff and Defendant's counsel communicated several times by email and

telephone about his dispute and were not able to resolve it.  Defendant was planning on making

his own motion to compel and Defendant's counsel represented that he repeatedly called

chambers to set up a time to have a telephone conference with the Court in an attempt to resolve

the disputes before filing motions to compel.  Chambers of Judge Robinson on 14 September

informed undersigned counsel that no such telephone conference is needed, hence the prompt

filing of this motion.

Dated:  17 September 2007                  ___/s/_____
                                            Michael J. Trevelline

## Certificate of Service

        I hereby certify that a copy of the **foregoing** was served by electronic case filing through the Court:

Dated:  17 September 2007                  ___/s/_____
                                            Michael J. Trevelline

## Memorandum of Points and Authorities

## I.  Facts

        Mace in his Complaint alleges fraud (Count II, ¶¶ 18-21), that Domash defrauded him by making false promises to reimburse Mace.  In response to an interrogatory asking for the basis of the fraud allegation, Mace explains in detail his fraud allegation. (Exhibit A.)  In sum, Mace alleges.  Domash repeatedly said that he would reimburse Mace as soon as Domash's financial situation stabilized, but that it was not yet stable.  Mace believes these representations were false in part because Domash's financial situation had stabilized and that Domash did very early on after making the promise to reimburse Mace have the financial stability to reimburse Mace.  (Exhibit A.)

        In a deposition, Domash inquired at length about the fraud allegations.  Domash asked repeatedly questions bearing on Domash's financial status, especially at Domash Deposition transcript page 229, lines 1-5, as well as at pages 129-132. (Exhibit B.)

To prove this claim of fraud, Mace seeks Domash's financial records in requests for production.  Domash claims he has not financial records.  (Exhibit C.)  Domash claims he has no reason to provide his divorce records (Exhibit C) other than one 2 May 2000 financial statement he did provide to the family court.  Since no financial records exist (according to Domash) and since Domash claims he only turned over one financial statement in the  divorce proceedings, Mace as a compromise seeks Domash's tax returns. Domash refuses the request.

## II.  Law & Argument
### A.  Federal Rules Governing Production of Documents

Under Federal Civil Procedure Rule 34(a), a party may request the production of documents that "contain matters within the scope of Rule 26(b)."  Rule 26(b) provides that parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to . . . the claim or defense of the party." Moreover, a party is entitled to obtain even information that may be inadmissible at trial, so long as "the information sought appears calculated to lead to the discovery of admissible evidence."  Id. However, under Rule 26(b)(2)(C),

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:  (i) the

discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive … or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Finally, Rule 37(a)(2)(B) provides that "if a party, in response to a request for inspection submitted under Rule 34 … fails to permit inspection as requested, the discovering party may move for an order compelling … inspection in accordance with the request."

## B.  Production of Tax Returns

"A two-prong test must be satisfied for the court to order disclosure of tax returns:  first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable  Smith v. Bader, [83 F.R.D. 437, 438 (S.D.N.Y. 1979)]." S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985).  In granting a motion to compel the production of tax returns, this Court has also cited to Smith v. Bader in ruling that the returns were relevant to show an investor-plaintiff's "sophistication, experience, access to other information concerning investment matters" and were relevant to the suitability of investments.  Sendi v. Prudential-Bache Securities, 100 F.R.D. 21, 23 (1983).  This

Court went on to state:

> However, to protect the privacy and confidentiality interest accorded tax returns, copies of the tax returns shall be filed under seal in this case and no disclosure shall be made of the contents thereof except in the litigation of this case, and even then, any contents reflected in pleadings or memoranda shall also be under seal.

Id.

As seen in the fact section, both prongs are present here.

First, Domash's financial status is highly relevant to the question whether he fraudulently misrepresented such to Mace. If the returns show a rise in income after April 1999, then the jury would be quite likely to find that Domash defrauded Mace. Second, Domash has stated under oath that he has no other financial records so that the need for his tax returns is compelling.

## III. Conclusion

Since Domash has stated under oath that he has no financial records other than tax returns and since the returns are the only evidence of his financial status during the period when he made representations concerning his financial status, the Court is obliged to compel Domash to produce the returns.

Respectfully submitted,

Dated: 17 September 2007  Signed:    ____/s/_____
                                      Michael J. Trevelline

7 Exhibits:
A.  Plaintiff's First Supplemental Response to Defendant's First Set of Interrogatories
B.  Extract of Deposition Transcript of Plaintiff Peter Mace
C.  Responses to Requests for Production Numbers 27, 28, and 29
D.  Plaintiff letter explaining when production is needed

E.  Defendant's letter refuting the need for production
F.  Requests for Production in entirety
G.  Proposed Order