# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter M. Mace | ) |
|     Plaintiffs, | ) Case No. 1: 06-02244 (HHK) |
| vs. | ) Judge Henry H. Kennedy, Jr. |
| Larry A. Domash | ) Next Event: Discovery Completion Date 5 February 2007 |
|     Defendant | ) |

**To:**    **Defendant Larry A. Domash**
           **c/o Adam Augustine Carter, Esq.**
           **Attorney for Defendant**

**From:**  **Plaintiff Peter M. Mace**
           **c/o Michael J. Trevelline, Esq.**
           **Attorney for Plaintiff**

### Plaintiff's First Set of Interrogatories

You are requested to answer the following Interrogatories pursuant to Rule 33 of the Superior Court of the District of Columbia Rules of Civil Procedure:

### A. Definitions

a. "Identify" when used in reference to an individual person means to state the full name, home address and business address, telephone number and last known position of that person, if known.

b. "Identify" when used in reference to an entity other than an actual person means to state the organizational form of the entity (whether corporation, partnership or otherwise), the present or last known address of the entity, and all subsidiaries and related or affiliated entities.

c. "Identify" or "describe" when used with respect to an event, occurrence, act or conversation means to state the date and place of such transaction, the persons involved and a description of the transaction.

d. "State each and every fact" with reference to an allegation, contention, assertion or reference shall mean to (1) state in detail those relevant facts (a) to the extent of your present knowledge, (b) which you or your agents can ascertain by diligent search or (c) whose probable existence is know to you although you have not yet apprised yourself fully of the truth and, (2) with respect to each fact, identify all persons having knowledge of such facts and all documents reflecting, relating to or supporting such facts.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed and the persons mentioned in paragraph (d).

f. "Document" means the originals (or, if not available, true copies) and all non-identical copies (whether different from originals by reason of notations made on such copies or otherwise) of all books or other printed materials; records or reports; communications; photographs, moving or still; drawings; charts; maps; diagrams; models; specimens or samples; and other tangible objects; as well as electronic copies and versions of such.

g. IFA refers to Investors Fidelity of America, Inc., referred to in the complaint.

h. D&A refers to Domash & Associates, a financial investment company that Larry Domash had aspirations of forming.

## B. Instructions

a. These Interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

c. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys. When answer is made by a corporate defendant, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

d. In lieu of fully identifying a document in response to an Interrogatory, you may attach a copy of the document and refer to the copy in your answer to the Interrogatory.

e. If any interrogatory cannot be answered in full, answer to the extent possible, state the reasons for your inability to answer the remainder, and state the reasons for your inability to answer the remainder, and state whatever information or knowledge you have regarding the unanswered portion.

f. If you claim that particular information is unknown, describe what attempts you have made to obtain unknown information.

g. If you rely upon information not within your personal knowledge, indicate who is believed to have personal knowledge of the information.

h. If you withhold any information or document based on a claim or privilege or work product, identify any applicable documents, state the nature of the privilege claimed, and state the basis on which you contend that it is entitled to withhold the document or information from production.

### Document Existence, Description, Custody

**Interrogatory No. 1.** Identify the existence of any documents that concern any efforts you made on behalf of IFA.

**Interrogatory No. 2.** Identify the existence of any documents that concern any efforts and plans you made or possess on behalf of D&A.

**Interrogatory No. 3.** Identify the existence of any documents that concern any help that Plaintiff provided you in any way.

## Persons with Knowledge

**Interrogatory No. 4.** Identify each person with knowledge of any efforts you made on behalf of IFA.

**Interrogatory No. 5.** Identify each person with knowledge of any efforts and plans of whatever kind you made in contemplation of forming your own financial investment company.

**Interrogatory No. 6.** Identify each person with knowledge of any help that Plaintiff provided you in any way.

## Facts and Other

**Interrogatory No. 7.** State the name and address of each person who has ever sued you from 1 January 1999 to 24 November 2002 other than any person who is a party in the present case. State the nature of the suit, the name of any attorney who represented you and any other person in the suit and the final disposition of each. Also, state the style, case number and court of each such suit.

**Interrogatory No. 8.** Identify each court hearing where you appeared and Plaintiff was also present, include the date and place and caption of the court case.

**Interrogatory No. 9.** Identify all phone numbers, both personal and business, you have had from 1 January 1999 to 24 November 2002.

**Interrogatory No. 10.** Identify each instance you met face-to-face with Plaintiff.

**Interrogatory No. 11.** Identify each instance you discussed IFA with someone, include the date and place and identify each person present.

**Interrogatory No. 12.** Identify each instance you discussed forming your own financial investment company, include the date and place and identify of each person present.

**Interrogatory No. 13.** Identify your employer or employers from 1 January 1999 to 24 November 2002, include dates of employment.

## Electronic Evidence

**Interrogatory No. 14.** Identify any electronic data under your control that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention policy or otherwise, since the

commencement of this litigation. Specifically identify the data that relate to or reference the subject matter of the above-referenced litigation.

**Interrogatory No. 15.** For the period of 1 January 1999 to 24 November 2002, describe all email systems in use by you, including, but not limited to, the following:

    a.    List all email server and software and versions, and describe the dates of use for each;

    b.    Identify all hardware that has been used or is currently in use as a server for the email system including its name;

    c.    Identify the specific type(s) of hardware that is or was used as terminals into the email system (including home PCs, laptops, desktops, cell phones, personal digital assistants ("PDAs"), etc.) and the current location of each computer for **you.**

    d.    State whether the email is encrypted in any way and list all information required for an administrator to access the email.

**Interrogatory No. 16.** Identify all email users users know to you who may have generated email related to the subject matter of this litigation.

**Interrogatory No. 17.** For any server, workstation, laptop, or home PC that has been "wiped clean" or reformatted such that you claim the information on the hard drive is permanently destroyed, identify the following:

    a.    The date on which each drive was wiped clean;

    b.    The method or program used (e.g., WipeDisk, WipeFile, BurnIt, Data Eraser, etc.)

**Interrogatory No. 18.** From 1 January 1999 to 24 November 2002 for **Larry Domash,** provide a detailed description of his computer system(s), including desktop computers, personal digital assistants (PDAs), portable, laptop, and notebook computers. If he uses home computers for business purposes, please include information concerning these systems:

    a.    Computer type and brand;

    b.    Brand and version of all software, including operating system, private and custom developed applications, commercial applications and shareware;

    c.    Communications capability, including, but not limited to, terminal-to-mainframe emulation, data download and/or upload capability to mainframe, and computer-to-

computer connections via network, modem and/or connection.

**Interrogatory No. 19.** From 1 January 1999 to 24 November 2002, did **you** have the option to store voicemail messages? If so, provide the following information:

a.   What are the options for storing voicemail messages on the system?

b.   How many messages may each user store?

c.   Where and in what format are the messages stored?

d.   Are voicemail messages ever automatically purged? If so, describe the destruction schedule.

e.   Are voicemail messages archived? If so, for how long?

**Interrogatory No. 20.** List all telephone equipment used by **you**, including, but not limited to, desktop telephones, cell phones, pagers, PDA and laptop modems, calling cards, telephony software and contact management software. Include description of equipment and software, serial number, only for the following users **Larry Domash for 1 January 1999 to 24 November 2002** and dates used, and all locations where the equipment was located.

Respectfully submitted,

Dated: 20 Mar 2006   Signed: _____
Michael J. Trevelline, DC Bar # 437454
Address:   1823 Jefferson Place, NW
Washington, DC 20036-2504
Telephone:   (202) 737-1139/Fax: (202) 775-1118
Email:   mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

### Certificate of Service

I hereby certify that a copy of the **foregoing** was sent via first class mail, postage prepaid, this ___20___ day of ___Mar___, 20_06_, to:

Mr. Adam Augustine Carter
Attorney at Law
888 17th Street, NW, Suite 900
Washington, DC 20006-3307


Michael J. Trevelline

*Interrogatories—Page 5*