# EXHIBIT F

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter M. Mace ) | |
| Plaintiffs, ) | Case No. 1: 06-02244 (HHK) |
| vs. ) | Judge Henry H. Kennedy, Jr. |
| Larry A. Domash ) | Next Event: Discovery Completion Date 22 March 2007 |
| Defendant ) | |

## Plaintiff's Second Requests for Production

**Plaintiff** pursuant to **Fed. R. 34**, by and through undersigned counsel, hereby requests that **defendant** produce for inspection and copying certain documents as set forth below within thirty (30) days after receipt of this request.

### Definition of Document

The term "document" shall mean any kind of written, printed, typed, recorded, graphic, photographic, or computer-stored or recorded matter, however produced or reproduced, of any kind or description, whether for internal or external use, sent, received or neither, including originals, all copies, all drafts, work copies and both sides thereof, and including without limitation: papers, handwritten notes, publications, letters, E-MAIL, TDD/TTY printouts, correspondence, telegrams, cables, telex messages, memoranda (whether formal, informal, to the file, or otherwise), interoffice communications, written notes, minutes of directors or committee meetings, reports, contracts, options, amendments and addenda to contracts and options, deeds, licenses, bills, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, statements, papers, articles, news stories, computer printouts, tapes and records of all types, microfilms, studies, books, pamphlets, schedules and any preliminary draft of any of these categories of documents, photographic prints, transparencies, moving pictures, voice records and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.

### Instructions

A.   You may submit copies of the documents; however, the requester reserves the right to review the original of any copies submitted.

B.   Produce all documents in your possession, custody, or control -- whether in your real or constructive possession, custody, or control -- whether or not owned, written, recorded, etc. by you, including documents in the possession, custody or control of your attorney (if not "work-product").

C.   Describe unsuccessful efforts to locate documents which are not in your possession, custody, or control; and, with respect to such documents, state who has the possession, custody, or control and where the documents are located.

D.   For each document, state who has its possession, custody, or control, and where

*Requests for Production—Page 1*

the documents are located.

E.  This request for production of documents should be deemed continuing in nature to the full extent permitted by **Sup. Ct. Civ. P. R./Fed. R. 26(f)/ Md. Rule 2-401(e)**, so as to require you to promptly furnish to plaintiff additional documents relating in any way to these requests if you obtain further or additional information prior to payment of the judgment.

F.  For each document produced, identify it, identify its author if not obvious from the document's face, and state which numbered request it corresponds to.

G.  To the extent that any document called for herein is not produced on the ground of privilege or other objection, you should provide the following information with respect to each such document: (1) a specification of the nature of the document (e.g., letter, memorandum, etc.); (2) the date appearing on the document, or if no date appears, the date on which such document was prepared; (3) a general description of the subject matter of the document; (4) an identification of each person who wrote, signed, dictated or otherwise participated in the preparation of the document; (5) an identification of each person who received the document or was an addressee thereof.

H.  Produce the documents as they are kept in the usual course of business or organize them and label them to correspond with the categories in the request.

## Documents Requested

15.  If in Response to Interrogatory No. 21, you say that you have ever contemplated starting an investment or investment advise business of any kind, produce all documents whatsoever that concern the contemplated firm.

16.  All records of any planned business that was referred to by the provisional name of Domash & Associates.

17.  All records reflecting money you presently owe or have owed to Dr. George Graham or any entity of which he is a principal.

18.  All records reflecting payments you have ever made to Dr. George Graham or any entity of which he is a principal.

19.  All records of any business dealings you may have had with Dr. George Graham, Graham Consulting, Graham Capital International, or Versant. (Exclude any records relating to professional counseling services Dr. Graham may have provided you.)

20.  All records of any business dealing you may have had with The OSO Group.

21.  All documents reflecting monies received by you from your father and your mother from 1990 to November 2002. Include monies received by any means such as gift, inheritance, payment.

22.  All documents reflecting monies received by you

from any source by way of inheritance or gift from 1990 to November 2002.

23. All documents related to the corporation you formed in 2001 or early 2002, which you describe in paragraph five of the document bates-numbered Mace 000005.

24. All documents showing the profit you made on the sale of a house located at Wynnewood, Pennsylvania.

25. All documents relating to the power of attorney you granted to Mr. Mace, including any documents relating to any actions that Mr. Mace took under the authority of the power of attorney. Include the power of attorney itself.

26. Any documents relating to your dealings with and views of William F. McSweeny, III.

27. All your federal tax returns for the years 1998, 1999, 2000, 2001, 2002, and 2003.

28. All financial records from 1 January 1999 through 31 December 2002. Include all records of assets of whatever type you held an interest in during this period, to include but not limited to bank accounts, brokerage accounts, trust accounts, retirement accounts, real estate holdings, interests in privately-held businesses.

29. The complete records of any litigation you were involved in where Mr. Mace either discussed the litigation with you, or met with you at the courthouse the day a hearing was held, or communicated with one of your lawyers on your behalf. Include at a minimum the litigation captioned Katherine F. Domash v. Larry A. Domash, Docket No. 96D-1548-D1, Commonwealth of Massachusetts, Probate & Family Court Dept., Norfolk County Division.

Respectfully submitted,

Dated: 15 Mar 07   Signed: _____
                    Michael J. Trevelline, DC Bar # 437454
Address:   1823 Jefferson Place, NW
           Washington, DC 20036-2504
Telephone: (202) 737-1139/Fax: (202) 775-1118
Email:     mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

**Certificate of Service**

I hereby certify that a copy of the **foregoing** was sent via first class mail, postage prepaid, this  15  day of   Mar  , 20 07 , to:

Mr. Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110

*Michael J. Trevelline*