**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Peter M. Mace | ) |
| Plaintiff, | ) |
| vs. | ) |
| Larry A. Domash | ) |
| Defendant | ) |

Case No. 1: 05-02244 (HHK)
Judge Henry H. Kennedy, Jr.

## Reply in Support of
## <u>Motion to Compel Discovery</u>

In response to the opposition memorandum, Plaintiff files this reply in order to alert the Court to the erroneous citations to case law employed by Defendant as well as to point out some of Defendant's more egregious misstatements of fact.  In addition, Plaintiff will re-emphasize the compelling reasons behind his motion.

Defendants makes five arguments, the first is the only one that meets the issue before the Court, the other four being extraneous arguments that are themselves based on various misstatements of the law, misstatements of fact, or lapses in logic. The first argument is itself based on an erroneous assertion of a holding of the District of Columbia District Court.

### I.  Tax Returns to be Produced
### Where the Only Available Evidence

Defendant cites <u>Payne v. Howard</u>, 75 F.R.D. 465, 469 (D.D.C. 1977) for the proposition that "tax returns at issue in [<u>Payne</u>] were not discoverable, because plaintiff—not defendant—

*Page 1*

made an issue of defendant's income." (Opposition at 8.) Is that the holding of <u>Payne</u>? It is not. The court in <u>Payne</u> made a pointed effort to distance itself from such a holding. The court first cited to some U.S. District Court decisions that seemed to take such a strict interpretation of statutory protection of tax returns. Then the court cited to U.S. Circuit decisions (which take a contrary interpretation, an interpretation later adopted by the District of Columbia U.S. District Court. The court stated:

> Other courts have taken a less generous view of the statutory protection given to federal tax returns. E.g., <u>Heathman v. United States District Court</u>, 503 F.2d 1032, 1039 (9th Cir. 1974); <u>Trans World Airlines, Inc. v. Hughes</u>, 29 F.R.D. 523, 524 (S.D. N.Y. 1961), <u>aff'd</u>, 332 F.2d 602 (2d Cir. 1964), <u>cert. dismissed</u>, 380 U.S. 249, 85 S.Ct 934, 13 L.Ed.2d 818 (1965). But even **these decision have recognized that tax returns are discoverable only "in appropriate circumstances,"** as where access to tax returns is necessary to replace "lost, destroyed or otherwise unavailable" sources of information** or to determine accurately the relationship of co-defendants in a "tangled network of individuals, corporations and other legal entities." <u>Heathman v. United States District Court</u>, <u>supra</u>, 503 F.2d at 1032,1033.
>
> Under either line of authority, defendant Howard's tax returns are not properly discoverable. Here, as in <u>Krueger</u>, defendant has not made an issue of his income. Plaintiff has. **And, unlike in <u>Heathman</u>, access to defendant's tax returns here is not essential to discovering relevant information that is not obtainable by other means. If, as plaintiff asserts, she bases her request for defendant's tax returns on the need to learn about the intensity of defendant's workload, her request can be met less intrusively by examining defendant's appointment book which the Court has ordered produced in an accompanying order.**

<u>Payne</u>, 75 F.R.D. at 470 (emphasis added). (As the Defendant is

wont to do, he has erroneously quoted the holding of case law to this Court.)

This U.S. District Court for the District of Columbia has gone on to follow the U.S. Circuit court line of cases allowing discovery of federal tax returns when the information contained therein is not otherwise readily obtainable. See, e.g., Sendi v. Prudential-Bache Securities, 100 F.R.D. 21, 23 (1983). And as explained in the Motion to Compel Discovery, no other evidence of Defendant's financial status is available (at least if Defendant's statement made under oath is to be believed).

In addition, Count II of the Complaint is a fraud count. As such Plaintiff is entitled to recover punitive damages. On a claim for punitive damages, a plaintiff is entitled to conduct discovery of the defendant's ability to pay. Payne v. Howard, 75 F.R.D. 465, 470 n. 5 (D.D.C. 1977)

## II. Can Discovery be Precluded into an Area that Will Only Become Relevant Should the Party Seeking Discovery Prevail on an Earlier Issue?

(Rather confusedly, Defendant repeats most of his arguments in both his recital of "facts" and in his argument section; to the extent meriting a response, this memorandum will cite to Defendant's argument section.)

Next Defendant argues that since he denies making a promise to reimburse Plaintiff and since he anticipates the jury will believe his testimony, the jury will never reached the issue of whether his

*Page 3*

statement that he did not have the financial wherewithal was true.
Therefore, Defendant reasons that no discovery needs to be done
on his financial wherewithal.  (Opposition at 6, 9-10, especially see
the underlined section at the bottom of 9 and the sentences that
follow.)  In other words, Defendant's proposition is that when a
plaintiff is obliged to prove more than one element, then discovery
cannot be had on the later elements since the first element may
well not be proved.  Defendant never cites any legal precedent for
this novel proposition.

To the contrary, Federal Civil Procedure Rule 26(b)(1)
provides in part, "**Parties may obtain discovery regarding any
matter, not privileged, that is relevant to the claim** or defense of
any party … .  Relevant information need not be admissible at the
trial if the discovery appears reasonably calculated to lead to the
discovery of admissible evidence."  (Emphasis added.)

Undersigned counsel is aware that in certain jurisdictions
discovery relevant to the personal finances of a defendant sued for
punitive damages will not proceed until a showing is made of a
prima facie case, but undersigned counsel is aware of no similar
statute in the District of Columbia governing breach of contract
lawsuits, not does Defendant cite any.  Defendant cites no case law
whatsoever in support of his proposition.

It is true that under Federal Rule 26(b)(2), a court may upon
proper application grant a protective order.  However, Defendant

has not filed for such protection. Plaintiff respectfully requests that if the Court should treat Defendant's opposition as such an application, that Plaintiff be put on notice of such and be given the opportunity to properly respond.

Defendant invents yet another legal proposition to support its argument. Defendant further argues that discovery can only be had into areas relevant to his defenses, not into areas that may support the Plaintiff's claims. (Opposition at 9 ("[Defendant's] **defense** to the fraud claim … is … that he never promised to reimburse Mr. Mace in the first place." (emphasis added)).) In other words, Defendant's second proposition is that a plaintiff may only conduct discovery bearing on a defendant's **defenses**, not into the elements of the plaintiff's claim. Such is clearly contrary to the wording of Rule 26(b)(1).

Defendant does cite <u>Payne</u> for the proposition that under Rule 26(b)(1), the evidence sought must be calculated to lead to the discovery of admissible evidence. Then, Defendant makes the argument that based on the above two novel propositions, the tax returns could not possible lead to admissible evidence. Since the novel propositions are unsupported, the conclusion is unsupported.

In addition, Defendant seems to represent to the Court that he is willing to stipulate that he had the financial wherewithal to pay Plaintiff at all times. However, before filing this motion, Plaintiff gave Defendant the opportunity to stipulate to such and Defendant

*Page 5*

refused.  See also,  Exhibit I and the discussion below under Section V.

## III.  Do Tax Returns Show Financial Wherewithal?

Defendant next tries another argument against the relevancy of the tax returns.  This time Defendant argues that tax returns could not possibly have any bearing whatsoever on whether the filer had the financial wherewithal to pay a debt.  Plaintiff refers the Court to its memorandum in support of its motion for a full discussion of this question.

In addition, to Plaintiff's original discussion, certain additional facts and law bear on Defendant's argument in this regard.  First, Defendant has stated under penalty of perjury that he has no financial records from the time before 24 November 2002 and, second, Defendant has produced only 139 pages of documents, only eight of which bear on Defendant's finances (the financial statement he filled out once in divorce proceedings). (Yes, that is not a mistake, Defendant has only produced 139 pages of documents in this litigation.)

Third, the Complaint alleges that Defendant promised that he would pay Plaintiff when a condition precedent occurred, the condition precedent being Plaintiff having the financial wherewithal.  Plaintiff is obliged to prove this condition precedent. Plaintiff plans on relying on the circumstantial evidence found in Defendant's tax returns.  If the tax returns disclose a high amount

*Page 6*

of income—or better a greatly increased income after April 1999—then such would be a strong circumstance that Defendant had the financial wherewithal and had misrepresented such.  This Court is required to allow Plaintiff to present circumstantial evidence.  Michalic v. Cleveland Tankers, Inc., 364 U.S. 325,330, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence").

## IV.  Can a Defendant Bootstrap a Potential Defense Into an Excuse Not to Provide Discovery?

Next Defendant argues that he should not have to provide discovery since he hopes to defeat the underlying claims with a statute of limitations defense.  (Opposition at 11-12.)  Defendant cites no authority for such a bootstrap principle, a principle that would in effect impose an automatic protective order each time a defendant claimed that he would at some unspecified future date raise a valid defense.

Plaintiff does assert that Defendant did misinform the Court of both the facts and the law concerning the Defendant's prospective statute of limitations motion.  For example, the case Defendant cites in support of its bootstrap statute of limitation argument, Richards v. Duke Univ., 480 F.Supp.2d 222 (D.D.C. 2007), does not even address the facts that would be before the Court in a statute of limitations defense raised in this case where

Defendant never told Plaintiff that he would not honor his promise and rectify his misrepresentations until 24 November 2002. Plaintiff respectfully suggests that it would not be profitable to discuss the Defendant's erroneous statute of limitations arguments at this time considering the lack of precedent in the case law for such a bootstrap evidentiary principle, a principle that would be counter to Rule 26(b)(1). Should, however, the Court disagree and wish further briefing on this issue, Plaintiff requests that the Court issue an order giving Plaintiff the opportunity to brief the statute of limitations issue.

(Concerning such bootstrap arguments in general, Plaintiff refers the Court to pages 9-11 of its objections filed  to the Court's ruling on Defendant's Motion to Strike. In that section, Plaintiff discusses the similar bootstrap argument that Defendant inappropriately made on that motion where Defendant misinformed the Court of the facts and law of the $75,000 jurisdiction requirement in order to induce the Court to grant the Motion to Strike.)

## V. Did Plaintiff Neglect to Seek Defendant's Financial Information from Other Sources So That He Has No Right to the Tax Returns?

Defendant informs the Court that Plaintiff never sought discovery of Defendant's financial wherewithal, and that ,implicitly, such discovery would have lead to alternative relevant information concerning Defendant's financial wherewithal;

*Page 8*

therefore, Defendant argues that he need not disclose his tax returns since the information is available elsewhere.  (Opposition at 12-13.)

Defendant's representations to this Court are untrue (to put it mildly).  As seen in Exhibits C and F to the Motion to Compel Discovery, Defendant stated under penalty of perjury that no financial records exist during the relevant time period.  Defendant is now telling the Court that either that statement is untrue or that non-documentary evidence exists.  Defendant tells the Court that Plaintiff never sought such evidence through discovery.

Attached as Exhibit I are Plaintiff's Second Request for Production and as Exhibit J are Plaintiff's Responses.  Requests numbered 21, 22, 23, 24, 27, and 28 all sought information bearing on Defendant's financial wherewithal.  Defendant stated no such documents exist.  Attached as Exhibit K are Plaintiff's Requests for Admission and Interrogatories coupled with the Requests. Attached as Exhibit L are Defendant's Responses.  The Requests for Admission (and Interrogatories coupled with) numbered 27, 35, 36, and 37 all sought information bearing on Defendant's financial wherewithal.

Request for Admission No. 27 (Exhibit K, Requests for Admission at 6) stated:  "In the early April 1999 telephone conversation, Plaintiff told Defendant that since Plaintiff had exhausted his personal resources, Plaintiff would have to seek

employment and cease working full-time on the development of IFA." Defendant responded by denying the request. (Exhibit L, Responses to Requests for Admission at 16.) The Interrogatory coupled with this request is found on page 8 of Exhibit K. Defendant Refused to answer the interrogatory. (Exhibit L, Responses to Requests for Admission at 19.)

Request for Admission No. 35 (Exhibit K, Requests for Admission at 7) stated: "In the April 1999 telephone conversation, Defendant told Plaintiff that Defendant had the financial wherewithal to honor the agreement and would reimburse Plaintiff either when the divorce and child custody litigation settled and his financial situation eased or when IFA obtained financing and started operations." Defendant responded by denying the request. (Exhibit L, Responses to Requests for Admission at 17.) The Interrogatory coupled with this request is found on page 8 of Exhibit K. (Exhibit L, Responses to Requests for Admission at 17.) Defendant Refused to answer the interrogatory. (Exhibit L, Responses to Requests for Admission at 19.)

Request for Admission No. 36 (Exhibit K, Requests for Admission at 7) stated: " On or about late 2001 or 2002, Defendant's financial situation eased and the divorce, alimony, and child custody litigation substantially ended." Defendant responded by denying the request. (Exhibit L, Responses to Requests for

Admission at 16.) The Interrogatory coupled with this request is found on page 8 of Exhibit K. (Exhibit L, Responses to Requests for Admission at 19.)  Defendant Refused to answer the interrogatory. (Exhibit L, Responses to Requests for Admission at 19.)

Request for Admission No. 37 (Exhibit K, Requests for Admission at 7) stated:  "On or about late 2001 and 2002, Defendant misrepresented his financial situation to Plaintiff by denying that Defendant was now in a position to begin reimbursing Plaintiff for the expenses incurred under the April 1999 understanding."  Defendant responded by denying the request. (Exhibit L, Responses to Requests for Admission at 17-18.)  The Interrogatory coupled with this request is found on page 8 of Exhibit K. (Exhibit L, Responses to Requests for Admission at 19.)  Defendant Refused to answer the interrogatory. (Exhibit L, Responses to Requests for Admission at 19.)

The Court has been misinformed about Plaintiff's attempts to obtain discovery of Defendant's financial wherewithal.

Respectfully submitted,

Dated: 12 October 2007    Signed:    _____/s/_____
                                                         Michael J. Trevelline, DC Bar # 437454
                                          Address:    1823 Jefferson Place, NW
                                                         Washington, DC 20036-2504
                                          Telephone:  (202) 737-1139/Fax:  (202) 775-1118
                                          Email:       mjt@mjtlegal.com

                                          Attorney for **Plaintiff Peter M. Mace**

5 Exhibits:

H.  Attempt to Enter into a Stipulation of Fact Correspondence
I.  Plaintiff's Second Request for Production
J.  Defendant's Responses to Second Requests for Production
K.  Plaintiff's Requests for Admission
L.  Defendant's Responses to Requests for Admission

## Certificate of Service

I hereby certify that a copy of the **foregoing Reply in Support of Motion to Compel Discovery** was served by electronic case filing through the Court:

Dated:  12 October 2007                    ___/s/_____
                                           Michael J. Trevelline

*Page 12*