UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace,<br>    Plaintiff,<br>        vs.<br>Larry A. Domash,<br>    Defendant | Case No. 1: 05-02244 (HHK  DAR)<br>Judge Henry H. Kennedy, Jr.<br>Magistrate Judge Deborah A. Robinson<br>Next Event:  Dispositive Motions due 21<br>days after discovery disputes resolved |

## Objections to Magistrate Judge's Ruling

Pursuant to Local Rule 72.2(b), Plaintiff files these objections to the Ruling of the Magistrate Judge dated 27 September 2007 granting in part Defendant Larry Domash's Motion to Strike Plaintiff's Second Supplemental Rule 26(a)(1) Disclosures.  The Magistrate Judge made errors clearly erroneous and contrary to law.  A transcript of the motion hearing and the Magistrate Judge's ruling is attached as Exhibit A.

### I.  Summary Statement of Objections

Defendant filed a motion to strike supplemental disclosures, which disclosures added additional damage theories, but Defendant failed to state under what law it was filing its motion, violating Fed. R. Civ. P. 7(b)(1)'s requirement that a motion "shall state with particularity the grounds therefore."  In his opposition, Plaintiff argued among other things that a Fed. R. Civ. P. 12(f) motion to strike only applied to pleadings not to discovery material. Defendant filed a Reply citing cases holding that a court could strike non-pleadings under a Fed. R. Civ. P. 37(b)(2) motion to

strike, but Defendant represented to the court below that the holdings applied to Rule 12(f).  At oral argument, Defendant again declined to cite any specific law or to specify under what legal principles he was making the motion to strike.  The Defendant's violation of Rule 7(b)(1) and misstatement of the holding of case law in his Reply induced the court below to make errors in its Ruling and induced it not to apply the applicable law, which would have required a ruling in Plaintiff's favor.  To remedy the prejudice caused to Plaintiff by Defendant's violations, this Court should reverse the court below.

The court below made the following errors, all clearly erroneous or contrary to law under Local Rule 72.2(c):

**1.  The court below relied on the court's "inherent authority" to strike discovery material.  This reliance was erroneous since such authority cannot be used to override the Federal Rules of Civil Procedure, Rule 37(c)(1) in this instance.**

**2.  Plaintiff's violation of Rule 26(e)'s requirement to supplement discovery promptly was "harmless" under Rule 37(b)(2) where Plaintiff and Defendant had already agreed to Defendant conducting out-of-time discovery of Plaintiff's original damage theory.**

**3.  The court below erred by finding that Plaintiff was required to prove that the agreement to conduct out-of-time discovery encompassed the new damage theories when all that**

was required was for Plaintiff to make a showing of harmless.

**4.  The court below erred by finding that Plaintiff's complaint would be dismissed for lack of $75,000 jurisdictional amount in controversy where Defendant misrepresented the law and facts of the $75,000 jurisdictional requirement and so prejudiced the court below.**

## II.  Procedural Posture
### A.  Motion to Strike Violating Rule 7(b)(1)

Defendant filed a motion to strike supplemental disclosures (Exhibit A to Motion to Strike) adding additional damage theories, but Defendant failed to state the grounds for its motion, violating Fed. R. Civ. P. 7(b)(1)'s requirement that a motion "shall state with particularity the grounds therefore."  (Motion to Strike and Supporting Memorandum.)

### B.  Defendant Misstates the Law

Since Plaintiff was unsure on what legal grounds Defendant was basing its motion, Plaintiff was forced to guess and to research and to argue legal principles that seemed to apply.  Plaintiff argued among other things that a Fed. R. Civ. P. 12(f) motion to strike only applied to pleadings not to discovery material.  (Opposition at 4.)  Defendant filed a Reply citing cases holding that a court could strike non-pleadings under a Fed. R. Civ. P. 37(b)(2) motion to strike, but Defendant represented to the court below that the holdings applied to Rule 12(f).  (Reply at 1-2.)  Defendant's

misstatement of the law is seen in particular in the following quote: "Ignoring the above caselaw from <u>this</u> District, Plaintiff instead cites to *Moore's Federal Practice.* Plaintiff fails to mention, however, that the cited section in *Moore's* relies exclusively on cases from <u>Illinois</u>." (Reply at 2, emphasis in original.)

This quote is a gross misstatement of the law. The holdings differed not because of geographical location of the courts but because the law in the Illinois case referred to by Plaintiff applied Rule 12(f) and the district court cases cited by Defendant applied Rules 26 & 37. Since this portion of Defendant's Reply was responding to the Rule 12(f) discussion of Plaintiff's Opposition (Opposition at 4), it was implicit in Defendant's argument that he was addressing Rule 12(f). He made no mention of any other rule or legal principle. (Granted counsel for Defendant may well have not bothered to read the cases cites, but such is still an inexcusable misstatement of the law.) As will be explain below this misstatement of the law induced the court below to decline to apply Rules 26 & 37 to the motion and instead erroneously rely on "inherent authority," a ruling contrary to law.

**C. Court Below Approves of Defendant Rule 7(b)(1) Violation & Follows Defendant's Misstatement of Law**

At oral argument, Defendant declined to cite any law or to specify under what legal principles he was making the motion to strike. (Exhibit A, Transcript of Proceedings at 4-6, 11-14, 19-20.)

And the court below never inquired into the legal basis for Defendant's motion, not even inquiring who had the burden of proof or what the applicable legal considerations were (thus, apparently approving of Defendant's Rule 7(b)(1) violation).

Plaintiff pointed out to the court below that the motion would have been properly made under Rule 37(b)(2). (Exhibit A, Transcript of Proceedings at 6-8, 14-19.) As described in detail under Objection One, the court below specifically followed Defendant's misstatement of the law and rejected the application of Rule 37(c)(1). The court did this by stating that it would reserve on deciding the question of what law applies (Exh. A, Transcript at 15, lines8-13) and then by declining to apply Rule 37(c)(1) (Exh. A, Transcript at 21, lines 15-24).

### III. Law & Argument of Objections

**1. The court below relied on the court's "inherent authority" to strike discovery material. This reliance was erroneous since such authority cannot be used to override the Federal Rules of Civil Procedure, Rule 37(c)(1) in this instance.**

Indeed federal courts have inherent authority to manage their own affairs to function effectively. "This inherent authority, however may not be exercised in a manner inconsistent with the Federal Rules of Civil Procedure. That is, where the rules directly mandate a specific procedure to the exclusion of others, inherent

authority is proscribed. <u>Landau & Cleary Ltd. v. Hribar Trucking, Inc.</u>, 867 F.2d 996, 1002 (7th Cir. 1989) (citation omitted); <u>see also</u> 1 <u>Moore's Federal Practice</u> § 1.21[1][1] (Matthew Bender 3d ed.) ("the court has inherent power to manage the cases before it, and may require compliance with its orders to effect the goal of a fair and effective trial in the absence of an appropriate procedure under the Rules.").

When a party provides a tardy amendment under Rule 26(e)(1), Rule 37(c)(1) governs when the sanction of striking the amendment will be imposed. <u>Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.</u>, 175 F.3d 1221, 1229 n. 2 (10th Cir. 1999).

At oral argument, Plaintiff argued that the motion would have been properly made under Rule 37(c)(1) and was governed by such cases as Defendant had cited to the court below in his reply (but misrepresented by Defendant as Rule 12(f) cases). (Exhibit A, Transcript of Proceedings at 6-8, 14-19.) Even Defendant at one point seemed to agree. (Exh. A, Transcript at 12, lines 18-21.) Plaintiff provided the court below with two citations (Exh. A, Transcript at 6), the citations were to <u>Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.</u>, 175 F.3d 1221, 1229-30 (10th Cir. 1999); and <u>Pearce v. E.F. Hutton Group, Inc.</u>, 117 F.R.D. 480 (D.D.C. 1987). <u>Morrison</u> applied Rules 26(a)(1)(C), 26(e)(1) and 37(c)(1) to determine whether the sanction of striking supplemental disclosure of damage theories should be applied. <u>Morrison</u>, 175

F.3d at 1229 n. 2.  <u>Morrison</u> quoted Rule 37(c)(1)'s requirement that sanctions not be imposed if the violation was "harmless."  <u>Id.</u>

The court below specifically rejected the application of Rule 37(c)(1) by stating that it would reserve on deciding the question of what law applies (Exh. A, Transcript at 15, lines8-13) and then by declining to apply Rule 37(c)(1) (Exh. A, Transcript at 21, lines 15-24).  This was error.

**2. Plaintiff's violation of Rule 26(e)'s requirement to supplement discovery promptly was "harmless" under Rule 37(c)(1) where Plaintiff and Defendant had already agreed to Defendant conducting out-of-time discovery of Plaintiff's original damage theory.**

When Plaintiff made his initial disclosures, he informed Defendant that he was "employing an accountant to prepare a precise statement of these expenses, cost and interests," that is, the damages Plaintiff was claiming.  (Initial Disclosure, Exhibit A to Opposition at 4.)  In the middle of analyzing 2,000 pages of credit card statements, Plaintiff discovered many statements were missing so that it took many months for the accountant to obtain all the available statement and to finish the damage report.  (Exh. A, Transcript at 7-8, 16-17.)  At a deposition of Plaintiff, Plaintiff agreed with Defendant to permit Defendant to conduct out-of-time discovery on damages.  (Exh. A, Transcript at 8, 16-17.)  Defendant has not denied the existence of the agreement.  (Exh A,

Transcript at 20.) Despite Plaintiff's best efforts, it took months longer than anyone anticipated to obtain all of the available credit card statements and for the accountant to finish his report. (Exh. A, Transcript at 7-8, 16-17.) In late August Plaintiff finally obtained the last of the available evidence and the accountant's report and produced the report in early September. (Exh. A, Transcript at 9.)

Several months before the final September discovery responses, Plaintiff amended his initial disclosures to state two new damage theories; this was done in June. (Exhibit A to Motion to Strike.) For the purposes of the motion to strike, Defendant seems to have indicated he is not interested in conducting further discovery. However, the fact remains that Plaintiff has given his word to Defendant to permit such discovery and would be obliged to permit it at this time.

Plaintiff argues that it would be harmless under Rule 37(c)(1) to permit Plaintiff's supplemental disclosures to stand since Defendant is already permitted to conduct discovery into other aspects of damages. The Morrision decision is particularly apt since the issue was whether a plaintiff could amend his damages theory late in the litigation. Morrison quoted Rule 37(c)(1)'s requirement that sanctions not be imposed if the violation was "harmless." Id. The court permitted the late damage theories to survive a motion to strike since, "Even if [the disclosing party] did

untimely change its theory or disclose documents, this appeal and remand will have afforded [the defending party] ample time to investigate and rebut [the disclosing party's] damage claims before the retrial." Morrison, 175 F.3d at 1230. It was error for the court below not to so find.

**3. The court below erred by finding that Plaintiff was required to prove that the agreement to conduct out-of-time discovery encompassed the new damage theories when all that was required was for Plaintiff to make a showing of harmless.**

In fashioning a custom-made motion to strike standard to replace Rule 37(c)(1), the court below imposed an onerous burden on Plaintiff. The court required the Plaintiff to prove that the agreement to permit out-of-time damage discovery must have included an agreement to permit discovery on the new damage theories. (Exh. A, Transcript at 23, lines 2-6.)

This is wholly inconsistent with the "harmless" language of Rule 37(c)(1) and the holding and reasoning of cases such as Morrison. This is error.

**4. The court below erred by finding that Plaintiff's complaint would be dismissed for lack of $75,000 jurisdictional amount in controversy where Defendant misrepresented the law and facts of the $75,000 jurisdictional requirement and so prejudiced the court below.**

At oral arguments, Defendant instead of arguing the law of

*Page 9*

motion to strike argued at length that the court should dismiss Plaintiff's claim for not meeting the jurisdictional minimum amount in controversy of $75,000 in diversity cases. (Exh. A, Transcript at 4-6.) The court below found the argument of great interest and questioned Plaintiff's counsel about the question. (Exh. A, Transcript at 9-10.) Defendant informed the court that interest is not included to reach the $75,000 and that Plaintiff could only reach the $75,000 requirement should the motion to strike be denied. (Exh. A, Transcript at 4.)

Defendant's assertions of law and fact were both erroneous and unfairly prejudiced the court. Indeed, in this diversity case, Plaintiff must allege damages in excess of $75,000. 28 U.S.C. § 1332(a). Although the statute does exclude interest, the U.S. Supreme Court has held that interest is not included when an integral part of the damages claimed. Brown v. Webster, 156 U.S. 328, 330, 15 S.Ct. 377, 39 L.Ed. 440 (1985). And it must appear to a legal certainty that the claim is less than the jurisdictional amount before dismissing. Kline v. Nationsbank of Virginia, N.A., 886 F.Supp. 1285, 1298 (E.D. Va. 1995).

Defendant was misstated the facts as well where Plaintiff has a count for quantum meruit entitling him to recover far in excess of the credit card debt. And he has a claim for fraud entitling him to recover punitive damages. But of even greater significance, Defendants knows that Plaintiff presented evidence that the

agreement he is suing under specifically included interest.

The Defendant's erroneous assertions of law and fact without any advance notice to Plaintiff seem to have been calculated to prejudice the court, especially since Plaintiff was unable to articulate the errors of Defendant's argument without advance notice.  This too was a violation of Rule 7(b)(1).  The court's earnest inquiry into this non-noticed motion to dismiss argument is ample evidence that the court below was indeed prejudiced by the erroneous assertions.  The fact that the court below was so prejudiced is further seen in the court's statement that the court "now grants the motion, largely for the reasons offered by counsel for the Defendant."  (Exh. A, Transcript at 21.)  In other words, the court below agreed with the Defendant's misrepresentations on its jurisdictional amount argument.  In fairness, when the Plaintiff eventually prevails on the jurisdictional amount issue, the Court will be obliged to revisit the motion to strike issue and to reverse the Ruling.

Plaintiff proposes that as an alternative grounds for overturning the Ruling, the Court remedy the prejudice caused by Defendant's Rule 7(b)(1) violations by reversing the Ruling and allowing Plaintiff's supplemental disclosures to stand.

## IV.  Conclusion

WHEREFORE, for the objections stated, the Ruling of the

Magistrate Judge should be overturned as clearly erroneous or contrary to law.

Respectfully submitted,

Dated: 12 October 2007   Signed:   ___/s/ Michael Trevelline_____
                                   Michael J. Trevelline, DC Bar # 437454
                         Address:  1823 Jefferson Place, NW
                                   Washington, DC 20036-2504
                         Telephone: (202) 737-1139/Fax: (202) 775-1118
                         Email:    mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

1 Exhibits:
A. Transcript of Motion Hearing and Ruling

## Certificate of Service

I hereby certify that the **foregoing Objections to Magistrate Judge's Ruling** this **12 October 2007** was served by electronic case filing through the Court.

___/s/ Michael Trevelline_____
Michael J. Trevelline