UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
                              :
In the Matter of:            :
                              :
PETER M. MACE,               :
                              :
     Plaintiff,              :
                              :
     vs.                     : Civil Action No. 05-2244
                              :
LARRY A. DOMASH,             :
                              :
        Defendant.           :
                              : Washington, D.C.
- - - - - - - - - - - - - - x September 27, 2007


TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:          MICHAEL J. TREVELLINE
                            ROBERT A. ACKERMAN, ESQ.

For the Defendant:          ADAM AUGUSTINE CARTER
                            DOUGLAS S. BROOKS, ESQ.




Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C.  20005, 202-347-5395, www.pro-typists.com
M2064V/bf



1           **P R O C E E D I N G S**

2           THE CLERK:  Civil Case Number 05-2244, this is

3  in the matter of Peter M. Mace versus Larry Domash.  And

4  counsel, you can just stand and announce your names for the

5  record.

6           MR. CARTER:  Adam Carter on behalf of the

7  Defendant, Larry Domash.

8           THE MAGISTRATE JUDGE:  Mr. Carter, good morning.

9           MR. CARTER:  Good morning.

10           MR. TREVELLINE:  Michael Trevelline on behalf of

11  the Plaintiff.

12           THE MAGISTRATE JUDGE:  Very well, Mr. Trevelline,

13  good morning to you, as well.

14           THE CLERK:  (Inaudible) motions hearing.

15           THE MAGISTRATE JUDGE:  We are here for a hearing

16  on the only motion which is ripe; that is, the Defendant's

17  motion to strike Plaintiff's second supplemental Rule

18  26(a)(1) disclosures.  This matter was referred to this

19  Court for the conduct of discovery.

20           In reviewing the motion and, of course, the

21  opposition and the reply, the Court developed a concern

22  that perhaps the issues addressed by the parties in these

23  materials might more appropriately be addressed in the

24  context of a motion in limine filed as part of any pretrial

25  proceedings.  I recognize that you have a date for filing

1    dispositive motions, and I do not know whether the issue
2    that is addressed in this pending motion would be one which
3    would be raised in the dispositive motions.

4            The reason that I became concerned that the issue
5    is one that might more appropriately be addressed in a
6    motion in limine is that I believe we can all agree that
7    there is no authority for the proposition that the initial
8    disclosures are evidence, and the real issue here appears to
9    be whether or not the Plaintiff may offer evidence with
10   respect to damages for emotional distress.

11           Emotional distress has not -- or, damages for
12   emotional distress were not sought in the complaint.  I
13   have reviewed the complaint to make that determination.
14   It therefore appears that there is no reason at this time
15   to address this question in this fashion.  And when I say
16   "in this fashion," I mean through a motion to strike the
17   second supplemental Rule 26(a)(1) disclosures.

18           If this is an issue that the two of you wish to
19   address with each other off the record, before we proceed,
20   I'm happy to take a brief recess so you can do so.

21           If you agree to my proposal, you would essentially
22   agree that the motion to strike will be withdrawn, that in
23   the dispositive motion that you will file in accordance with
24   Judge Kennedy's scheduling order, that is, 21 days after the
25   discovery disputes are resolved -- that would be the other

1   motion that is pending.  In other words, 21 days after that
2   motion is decided.  But if you agree that there is no need
3   in the dispositive motion to address damages and that the
4   dispositive motion will address some other issues, then a
5   resolution of the question of what damages might be sought
6   can await the pretrial proceedings.

7        Is this something that the two of you are prepared
8   to address?  Mr. Carter, perhaps I should ask you to answer
9   that question first, since you filed the motion.

10       MR. CARTER:  Thank you, Your Honor.  I guess I
11  would like to just respond to your suggestion in this way.
12  What we didn't want was we didn't want the 26(a)(1)
13  disclosures that were just sent to us recently, two months
14  after the close of discovery, to lay a groundwork for the
15  introduction of a new emotional distress claim.  There are
16  $104,000.00 of damages that are being asserted in these
17  disclosures, and I'll be candid with the Court, because
18  this is where I think this is going.  And it does lay the
19  groundwork for a dispositive motion later on.

20       But what we've learned from the -- finally, from
21  the production of accounting records and so forth, is that
22  Mr. Mace's damages are about $45,000.00, give or take.
23  Everything else is interest.  Which isn't part of the
24  calculation for jurisdictional purposes.  This new
25  $104,000.00 is what he needs to get over the jurisdictional

1  limit in this Court and not be subject to a 12(b)(1) motion.

2           So that's what we suspect is going on here, and

3  that is what prompted this motion to preclude not only the

4  backdoor amendment of his pleadings with an emotional

5  distress claim, but also to preclude the introduction of all

6  of this into the summary judgment briefing or later on down

7  the road.  And --

8           THE MAGISTRATE JUDGE:  Is the question regarding

9  the jurisdictional limit one of the issues that you intend

10  to address in the dispositive motion?

11           MR. CARTER:  Yes, ma'am.  In addition to statute

12  of limitations -- we have a whole panoply of arguments to

13  make.  This is one of them.

14           And our point was we didn't want him to be able to

15  then sort of sweep in us having not raised an issue about it

16  and say we waived the argument, you know, he disclosed it

17  and we didn't make an issue of it, and so we bring it to the

18  Court to say, we think in the proper guise of a motion to

19  strike, because in effect he's trying to amend his pleading

20  and we don't think that that is the proper way to amend a

21  pleading.  We don't think it's proper, two months after

22  discovery, to add in emotional distress.  We could have

23  taken his deposition about this.  We were not allowed to or

24  were not able to, because we didn't know about it.  And so

25  that's why we bring it.

1           I accept, because Your Honor has suggested it,
2    that it would be appropriate at the motion in limine stage.
3    I agree with that, and I have filed motions in limine
4    together with my motion for summary judgment.  But what we
5    didn't want to do was we didn't want to sit on our rights
6    and not bring this to the Court's attention at an early
7    stage.

8           THE MAGISTRATE JUDGE:  Very well.  Thank you,
9    Mr. Carter.

10          Mr. Trevelline, may I ask you to address the same
11   question, or series of questions, that I posed regarding the
12   need for a determination of this issue at this point.

13          MR. TREVELLINE:  Yes, Your Honor.  I'm prepared --
14          THE MAGISTRATE JUDGE:  Let me ask you to come to
15   the podium, please, so that we'll be confident that your
16   argument is recorded.

17          MR. TREVELLINE:  Yes, Your Honor.  I prepared a
18   piece of paper with two citations.  One of them is relevant
19   to the Judge's concern.  If I can present that to the Court
20   in the opposition?

21          THE MAGISTRATE JUDGE:  Have you shared those
22   citations with Mr. Carter?

23          MR. TREVELLINE:  Not the first one, Your Honor.
24          THE MAGISTRATE JUDGE:  Well, let me ask you to
25   give Mr. Carter an opportunity to look at the two citations,

1  please.

2          You may hand that page to Ms. Miller.

3          MR. TREVELLINE:  Your Honor, the Plaintiff's
4  position is that it would be helpful to get a ruling on the
5  defense's motion at this time.  The confusion was partly
6  caused by the original motion didn't actually state the
7  ground.  Since -- and I responded as though it was in a
8  motion to amend the complaint.  A little further research,
9  and the Morrison case that I cite to the Court, addresses
10 this.

11         Morrison was very similar to the circumstance
12 here, where the plaintiff, apparently right before trial or
13 in trial, changed their damage theory.  And the Court said
14 that this is a question under Rule 26(e) of an obligation to
15 amend discovery, initial disclosures and later responses.
16 And the standard is under Rule 37(c)(1), whether the Court
17 should impose sanctions.

18         Now, in this situation the reason it would be
19 appropriate for the Court to look at this now is, very
20 briefly, when the Plaintiff made his initial disclosures and
21 when the Plaintiff was deposed, it was understood -- and I
22 can show -- I have the pages from the deposition transcript
23 here -- that the accountant's report was not back yet.  We
24 had over 2,000 pages of credit card statements that the
25 accountant had to analyze.  In the middle of analyzing it,

1   we realized several hundred were lacking.  The accountant
2   and my staff, for the last nine months, have been contacting
3   ten different credit card companies and the various credit
4   holders that they sold the debt to, trying to track down
5   these statements to get everything together.  In the
6   deposition transcript, in the correspondence for the last
7   nine months, it was understood between counsel that the
8   Defendant would have a chance to come back with follow-up
9   discovery on damages.

10          The question before the Court now is whether it
11  would be appropriate to let us not only let them do
12  discovery on the original damage claim, but on our new
13  theory.  And I'm prepared to address that question this
14  morning.  And I think it would be appropriate, so that we
15  would know whether we can conduct -- the Defendant can
16  conduct discovery right now of --

17          THE MAGISTRATE JUDGE:  Well, you recognize
18  discovery has closed, I assume.

19          MR. TREVELLINE:  I understand, Your Honor, but
20  I'm informing the Court --

21          THE MAGISTRATE JUDGE:  Do you agree, you do
22  acknowledge --

23          MR. TREVELLINE:  Yes.

24          THE MAGISTRATE JUDGE:  -- closed in April?

25          MR. TREVELLINE:  Yes, I do, Your Honor.

1          THE MAGISTRATE JUDGE:  In other words, five months
2   ago?
3          MR. TREVELLINE:  Yes, Your Honor.
4          THE MAGISTRATE JUDGE:  Four months ago?
5          MR. TREVELLINE:  Yeah.  I am, Your Honor, but I
6   am apprising --
7          THE MAGISTRATE JUDGE:  Six months ago.
8          MR. TREVELLINE:  22 March was the last --
9          THE MAGISTRATE JUDGE:  All right.
10         MR. TREVELLINE:  -- discovery cutoff date, if I
11  recollect correctly, Your Honor.
12         But the fact is, we did not get the accountant's
13  report until a few days ago, in September.  Late August,
14  we produced it on 7 September, and the counsel did discuss
15  among themselves the fact that the Defendant would need to
16  conduct additional discovery on the damage claim.
17         THE MAGISTRATE JUDGE:  What is your contention
18  regarding the motion for summary judgment which the
19  Defendant intends to file?  More specifically, what is your
20  contention regarding the need for a determination at this
21  point regarding the initial disclosures, in the context of
22  the motion for summary judgment?  Is Mr. Carter correct that
23  your intention would be to rely upon the emotional distress
24  damages in addressing the basis of the Court's jurisdiction?
25         MR. TREVELLINE:  Your Honor, I was not aware that

1   that was their intent.  We --

2            THE MAGISTRATE JUDGE:  Well, now that you know

3   that it is, do you intend to rely upon the damages for

4   emotional distress in your effort to address the Court's

5   jurisdiction?

6            MR. TREVELLINE:  To meet the $75,000.00

7   requirement, I am not sure whether I would have to.  The

8   defense counsel made a representation about interest.  Our

9   accounting report indicates that there's substantially more

10  than $75,000.00 in credit card debt that we're suing on.

11  I honestly -- I do have the disclosures with me -- cannot

12  recall whether interest and penalties get us over the

13  $75,000.00.  I do not know the law, whether penalties are

14  included, credit card penalties are included, whether

15  refinancing expenses are included.  I honestly cannot answer

16  that question.  I suspect that we would not have to.

17           THE MAGISTRATE JUDGE:  Does that mean, then, that

18  there is a possibility that you will seek to rely upon a

19  claim of damages for emotional distress absent a ruling from

20  the Court that you are not able to do so?

21           MR. TREVELLINE:  Yes, Your Honor.  That's a

22  possibility.

23           THE MAGISTRATE JUDGE:  Very well.  Let's take a

24  brief recess, then.  I'd like to review the two cases which

25  were just cited and then we will proceed with the argument,

1    beginning with you, Mr. Carter.

2              MR. CARTER:  Thank you, Your Honor.

3              THE MAGISTRATE JUDGE:  Very well, thank you.

4    We'll take a brief recess.

5              (Whereupon, a brief recess was taken.)

6              THE CLERK:  This Honorable Court is back in

7    session.

8              THE MAGISTRATE JUDGE:  Counsel, thank you for your

9    indulgence.  We have been beset by computer problems this

10   morning.  I think you are already aware of that.  And

11   because of that, it took longer than it would have otherwise

12   to review the two authorities which you cited,

13   Mr. Trevelline.  We have reviewed them now, and I am ready

14   to hear your arguments, beginning with you, Mr. Carter.

15             MR. CARTER:  Thank you, Your Honor.  I'll make it

16   brief.  We do rely on our papers, but -- and I think we've

17   gone over the background of how we got here -- but in

18   essence we are moving to strike the supplemental disclosures

19   that were filed in late June, two months after the close of

20   discovery, that purport to add $104,000.00 of emotional

21   distress and damages for managing the Plaintiff's debts.

22   We don't think that a breach of contract claim can support

23   damages for anxiety and worry, and that this is a backdoor

24   way of adding on a intentional infliction of emotional

25   distress claim.

1              In addition --

2              THE MAGISTRATE JUDGE:  Now, the first page of your

3   motion -- I'll direct your attention to the first page and

4   the second line, where a second request is included; that

5   is, the principal request is that the Court strike the

6   second supplemental disclosures.  However, the following

7   language appears, "And preclude Plaintiff from proceeding on

8   either of his two new damages claims and theories, and from

9   introducing evidence related thereto."  Do you agree that

10  those two requests should be made through a motion in limine

11  and that a motion to strike would not -- even if the Court

12  were to grant it -- would not resolve those other two

13  issues?

14             MR. CARTER:  I do agree with that, although, you

15  know, it's -- I oppose motions for summary judgment all the

16  time, and if a Court says you're allowed to use this but

17  you're not allowed to use that, it wasn't timely filed or it

18  wasn't provided during discovery, I think a Court can

19  sanction a party for discovery abuses in a way that

20  precludes them from then using certain documents or relying

21  on certain arguments in a dispositive motions briefing.

22             But I do agree with Your Honor's assessment

23  procedurally.

24             THE MAGISTRATE JUDGE:  Very well, you may proceed.

25  You may continue.

1          MR. CARTER:  The other points that I want to make
2    are logical.  We know that Mr. Mace had $37,000.00 of credit
3    card debt before he ever started working with or allegedly
4    working with my client, Mr. Domash.  Any anxiety or worry
5    that he had about credit card debt surely preexisted any
6    contract or alleged contract that's at issue in this case.

7          The other point to consider is what is it that is
8    about the anxiety or worry about this credit card debt
9    that's recent?  This case has been pending for 19 months,
10   and it's four and a half -- the facts are four and a half
11   years old.  What is it that causes, on July 27th, Mr. Mace
12   to trigger this anxiety and worry?  That is really a very
13   important question.

14         Another thing to point out is the reliance by
15   the Plaintiff on this alleged accountant's report.  The
16   accountant's report is not a 26(a)(2) disclosure.  It is not
17   an expert report.  It is not even authoritative.  It is
18   provided so slowly in this case that it is of no value.

19         And when the Defendant agreed to, as it were, you
20   know, wait to get the accountant's report to then take
21   discovery on it, that was back in March, when we were told
22   tax season is almost over, we just need a few more days to
23   get the accountant's report done, the accountant will have
24   more time after tax season, and indeed, this was the
25   representation made by the Plaintiff to this very Court in

1   the motion to extend discovery to, I believe, the April 21st
2   date.  I believe it was Judge Kennedy who signed that order
3   extending discovery for another month just so that we could
4   get this accountant's report.  Well, Mr. Mace never extended
5   discovery beyond that, saying that the accountant's report
6   was delayed yet again and, indeed, we only get the
7   accountant's report, such as it is, in the last few days.

8           So the reliance on that and the suggestion earlier
9   that we agreed to take discovery in this slow, multi-stage
10  fashion was based on the representations that were made last
11  spring about how quickly we would be getting these things,
12  and we never did get them and discovery never was extended.
13  It would be unfair to the Defendant to reopen discovery now,
14  six months later, to impose on the Defendant the costs of
15  additional discovery of a new claim.  It just would -- it
16  must makes no sense and doesn't comport with this Court's
17  rules.

18           I Thank you,.

19           THE MAGISTRATE JUDGE:  Thank you, Mr. Carter.
20  Mr. Trevelline?

21           MR. TREVELLINE:  Yes, Your Honor.  Your Honor,
22  our argument is very simple.

23           If you look at the Morrison decision, in the
24  footnote there it cites to Rule 37(c)(1), and we concede
25  that, everything else being equal, if litigation had

1    proceeded normally, a Court would often in these
2    circumstance impose a sanction of excluding evidence, of
3    excluding the supplemental disclosures.  The Court does not
4    impose that sanction under two circumstances.  If the late
5    disclosure is harmless or if the late disclosure is
6    substantially justified.
7              The Plaintiff's argument is that in this case --
8              THE MAGISTRATE JUDGE:  The Court makes no finding
9    at this point with respect to whether or not that is indeed
10   a fair interpretation of the holding in that case.  If we
11   assume for the moment that it is, let me ask you to address
12   those two requirements, those alternative requirements to
13   which you just referred.
14             MR. TREVELLINE:  Yes, Your Honor.  As I indicated
15   earlier --
16             THE MAGISTRATE JUDGE:  I believe the first had to
17   do with whether or not --
18             MR. TREVELLINE:  Harmless.
19             THE MAGISTRATE JUDGE:  -- the late disclosure was
20   harmless.  What is your argument with respect to whether or
21   not in this case the late disclosure is harmless, given that
22   discovery closed approximately six months ago.  And that no
23   damages for emotional distress were pled in the complaint.
24             MR. TREVELLINE:  Our argument is that at the
25   deposition, before the deposition, and in the correspondence

1   after the deposition, telephone calls after the deposition,

2   Mr. Brooks repeatedly demanded of me the right to conduct

3   discovery on damages.

4            THE MAGISTRATE JUDGE:  For the record, who is

5   Mr. Brooks?

6            MR. TREVELLINE:  Mr. Douglas Brooks.  He's

7   co-counsel for the Defendant in this case.  He's the lawyer

8   mainly doing the litigation that I have dealt with.

9            I repeatedly gave him my word that I would -- the

10   Plaintiff would respond to out-of-time discovery requests on

11   damages.  I have never withdrawn my word.  The defense has

12   never indicated to me that they are no longer interested in

13   conducting out-of-time discovery on the damages.

14            We do beg to differ a little bit on the defense's

15   account of the slowness of the report.  Every few weeks, we

16   did Bates stamp what we received, kept them apprised of what

17   happened.  I did send them an e-mail in May, in February,

18   as they attach to their motion, saying I expected -- I did

19   receive a report in March, and on 20 March I sent them a

20   letter saying this is the report; however, the accountant

21   has indicated that he needs a lot more credit card

22   statements.  I didn't know that that many statements were

23   missing.

24            For the following months, my staff and the

25   accountant spent a significant amount of time tracking down

1   these credit card reports.  And we kept them apprised on it,
2   so they did know what was going on, and no one ever
3   indicated to me that they were no longer interested in
4   conducting discovery as I promised I would allow.

5          My argument on the harmlessness is that in
6   Morrison, the Court there -- the decision never indicates
7   exactly when the change in theory was told to the defendant.
8   I get the impression from the opinion it was probably
9   slightly before trial or during trial.  The Court said,
10  "Look, we're remanding on a new trial on damages, therefore
11  it's harmless because you're going to get a chance to --
12  you have plenty of time to look into that."

13         Similar here, since I have already told the
14  defense that they could conduct discovery on damages out of
15  time, I'm telling them I would gladly allow them to conduct
16  discovery out of time on the additional damage theories,
17  therefore the lateness of our assertion of the new damage
18  theories is harmless.

19         THE MAGISTRATE JUDGE:  Now, you identified the
20  second consideration that the Court should examine as
21  substantial justification.  What is your proffer with
22  respect to substantial justification?  If we assume for the
23  moment that that is indeed something that the Court should
24  consider in ruling on this motion.

25         MR. TREVELLINE:  Your Honor, my understanding of

1    Rule 37(c)(1) is that that's an alternate.  It's an "or"
2    there.  It's harmless or substantially justified.

3         I am conceding to the Court that our argument on
4    substantially justified is much weaker than our harmless
5    argument.  Basically, what happened was I was substitute
6    counsel, I put together -- I submitted the initial
7    disclosures weeks after I was hired.  I talked to the client
8    about it, and we said, "Look, we'll have someone looked at
9    this huge stack of credit card reports and figure out what
10   to do here."  I had no idea it would take this long to get
11   to the bottom of this.

12        People talk about government bureaucracies, but
13   the credit card bureaucracy, as far as I can tell, is
14   anything but worse.

15        THE MAGISTRATE JUDGE:  What do you contend is the
16   nexus between the accountant's evaluation of the credit card
17   information and your assertion that the basis of this claim
18   for emotional distress damages has only recently been
19   discovered?

20        MR. TREVELLINE:  This is honestly what happened,
21   Your Honor.  I decided that we would analyze the damage all
22   at once -- it may have been a mistake.  When the
23   accountant's report delayed in coming back, at one point I
24   thought, well, that's unfair to the Defendant.  I mean, I'd
25   better analyze the rest of the case without that, and I did

1  it.  Actually, you saw several months, two months, before

2  the accountant's report came back.  So there is no real

3  nexus.  It was just that the accountant's report was taking

4  so long that at one point I decided to go back and do a

5  thorough examination of the entire damage claim.  I'm not --

6          THE MAGISTRATE JUDGE:  Thank you.  You may

7  continue.

8          MR. TREVELLINE:  That is basically my argument,

9  Your Honor.  Is we would just like to emphasize the

10 harmlessness aspect , and that the defense has never told me

11 that they are not interested in conducting further discovery

12 under our private agreement.

13         THE MAGISTRATE JUDGE:  Very well.  Thank you very

14 much, Mr. Trevelline.

15         Mr. Carter, do you wish a brief reply?

16         MR. CARTER:  Just ever so briefly.  With respect

17 to harmlessness, Your Honor, there's been no addressing of

18 the cost.  Litigation, as Your Honor knows, is not done in a

19 vacuum.  Mr. Brooks would have to spend significant money --

20 our client, rather, would spend significant money to pay for

21 Mr. Brooks to come down, conduct a deposition, you know, pay

22 money, go out-of-pocket to pay his lawyers to represent him

23 for this additional discovery that is being offered.

24         And in terms of conducting discovery out of time,

25 I mean, I do make those private agreements with opposing

1   counsel from time to time.  I can't speak to what
2   Mr. Brooks's agreement was with Mr. Trevelline, I'm not
3   prepared on that point.  But what I will say is that usually
4   it's a day or two or a week or two after the close of
5   discovery, in the rush to get things done before dispositive
6   motions are going to be heard.  That would be the time that
7   you would engage in out-of-time discovery.  But the cost is
8   the main issue with respect to harmlessness.  And I think we
9   can all agree, even Mr. Trevelline, I think, conceding that
10  this is not substantially justified.

11          What Mr. Trevelline, in analyzing the damage
12  theories after he sees the accountant's report, is one
13  thing.  But what about Mr. Mace?  Mr. Mace is the Plaintiff
14  here, not Mr. Trevelline.  And Mr. Mace has to suffer
15  emotional damages.  When did that happen?  When was that
16  triggered?  When did he go see a psychiatrist or have a
17  sleepless night or when did all that happen?  And so just
18  because Mr. Trevelline says he thoroughly examined the claim
19  this summer, I don't think allows them to amend the claim
20  through these disclosures.

21          Thank you.

22          THE MAGISTRATE JUDGE:  Now, the Court has
23  carefully considered the proffers and arguments of counsel
24  for the parties, those made in writing as well as those
25  offered here this morning.  In addition, the Court, during

1   a recess which took longer than the Court anticipated and I
2   again thank you for your indulgence, reviewed the two
3   authorities cited for the first time this morning by counsel
4   for the Plaintiff.
5           The Court, having done so, now grants the motion,
6   largely for the reasons offered by counsel for the
7   Defendant.  In granting the motion, the Court intends to
8   make plain that the only relief that the Court orders at
9   this time is that the second supplemental Rule 26(a)(1)
10  disclosures are stricken.  The Court makes no finding with
11  respect to the other relief which the Defendant seeks, and
12  indeed, the Defendant appears to recognize that such relief
13  could be ordered, if at all, as a pretrial matter through a
14  motion in limine.
15          With respect to the entry of an order striking the
16  second supplemental Rule 26(a)(1) disclosures, the Court
17  notes that Plaintiff's counsel has questioned the basis in
18  the Federal Rules of Civil Procedure for such an order
19  directed to a 26(a)(1) disclosure.  The Court recognizes
20  that there is a federal rule which, by its terms, gives the
21  Court discretion to strike certain material from a, quote,
22  "pleading," and we recognize that this supplemental 26(a)(1)
23  disclosure is not a pleading as pleading is defined
24  elsewhere in the Federal Rules.
25          However, the Court believes that courts have

1   inherent authority, where necessary, to enforce either a
2   Federal Rule of Civil Procedure, a local rule of the Court,
3   or a scheduling order, to enter an order striking material
4   that has been filed or served upon opposing counsel.  In
5   this case, the Court finds that the service of the second
6   supplemental Rule 26(a)(1) disclosures was not in accordance
7   with the scheduling orders of the Court and with the
8   applicable rules governing pleadings and governing
9   discovery.

10         The Court finds, in addition, that there has been
11  no explanation offered by counsel for the Plaintiff for
12  the belated claim for damages for emotional distress.
13  Plaintiff's counsel readily concedes that no such damages
14  were requested and no theory regarding emotional distress
15  was pled in the complaint.  Plaintiff's counsel also
16  concedes that there is no nexus between the delayed
17  accountant's report and the asserted discovery of the basis
18  of a claim for damages for emotional distress.

19         Finally, the Court notes with respect to prejudice
20  to the Defendant which would be occasioned by a denial of
21  the motion that discovery is closed and indeed has been
22  closed for a period of nearly six months.  And while the
23  Court -- this Court and other Judges of this Court --
24  welcome agreements between counsel with respect to
25  resolution of matters involving the conduct of discovery

1  which avoid the need for undue involvement by the Court,

2  there's no evidence here of any open-ended agreement with

3  respect to discovery with respect to a matter that has not

4  been pled in the complaint and which would bring about a

5  dramatic alteration of the parameters of the pleadings which

6  have been filed.

7          For all of these reasons, the Court will grant

8  the motion to strike Plaintiff's second supplemental

9  Rule 26(a)(1) disclosures.  The findings that have been set

10  forth on the record are the full extent of the findings that

11  the Court will make with respect to this matter, and the

12  docket entry will indicate that the motion to strike is

13  granted for the reasons set forth on the record.

14          Now, is there anything further with respect to

15  this matter this morning?  Mr. Carter?  Anything further on

16  behalf of the Defendant with respect to this motion?

17          MR. CARTER:  No, Your Honor.  Thank you.

18          THE MAGISTRATE JUDGE:  Mr. Trevelline, anything

19  further on behalf of the Plaintiff with respect to this

20  motion?

21          MR. TREVELLINE:  No, Your Honor.

22          THE MAGISTRATE JUDGE:  Very well.  Thank you very

23  much, counsel.  You may both be excused.

24          Again, the Court is aware that there is a second

25  motion which is pending.  Because it has not been fully

1   briefed, I do not intend to address it this morning.  I will

2   review it after it has been fully briefed, and if it appears

3   at that time that it is necessary to schedule a hearing on

4   that motion, I will do so at that time.

5           Very well, thank you.  Both of you have a good

6   day.

7           MR. CARTER:  Thank you, Your Honor.

8           THE MAGISTRATE JUDGE:  Thank you.

9           (Whereupon, the proceedings were concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES OF AMERICA )
                        )    Civil Action No. 05-2244
DISTRICT OF COLUMBIA    )

      I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

                                                            PAUL R. CUTLER

      I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

                                                            BONNIE FURLONG