UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER M. MACE )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>LARRY A. DOMASH )<br>)<br>Defendant ) | Case No. 1:05CV02244 (HHK)<br><u>NEXT EVENT:</u><br>Status Hearing 10/26/07 |

**DEFENDANT LARRY DOMASH'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RULING**

Defendant Larry Domash hereby opposes Plaintiff's objections to Magistrate Judge Robinson's ruling, which Allowed Defendant's Motion to Strike Plaintiff's Second Supplemental Rule 26 Disclosures as untimely.  As grounds for this Opposition, Defendant principally relies upon his Memorandum in Support of Motion to Strike (Docket No. 24) and his Reply Memorandum thereto (Docket No. 27).  As additional support, Defendant states as follows:

1.  Contrary to Plaintiff's assertion, his supplemental discovery was not "harmless" and, also contrary to his assertion, Magistrate Judge Robinson specifically made a finding in this regard.  Plaintiff claims that the supplemental disclosures regarding emotional damages and damages related to his time spent "managing his debt," were not harmless because counsel for the parties had already agreed to conduct out-of-time discovery.  This claim is without merit and mischaracterizes counsel's previous

understanding. Because Plaintiff was unable to meaningfully answer most questions regarding his alleged damages at his deposition, Defendant reserved the right to re-notice his deposition once he received Plaintiff's "accountant's report" that Plaintiff promised would have the relevant information regarding his damages. Plaintiff did not indicate during his deposition that his accountant's report would not be produced until <u>after</u> the close of discovery. Thus, although Defendant reserved his right to take Plaintiff's deposition again if necessary, it was not an "out-of-time" agreement. Indeed, Plaintiff never indicated that he would not be producing his accountant's report for another <u>six and one-half months</u>.

      Second, the supplemental disclosures regarding emotional damages and damages relating to Plaintiff's time managing his debt, had nothing whatsoever to do with the reason that Defendant reserved his right to <u>possibly</u> take Plaintiff's deposition again (*i.e.*, the lack of an accountant's report which Plaintiff claimed would answer Defendant's damages-related inquiries). Certainly Plaintiff was not relying on the accountant to inform him of the fact that he allegedly suffered emotional distress damages or had spent time managing his debt. Thus, even if there had been a specific "out-of-time" discovery agreement, it would have no relevance for purposes of the untimely supplemental disclosures at issue. In light of the above, and for the reasons set forth in Defendant's motion to strike and reply thereto, if Plaintiff's supplemental disclosures were permitted to stand, Defendant would be forced to incur significant and expensive further discovery on these new claims. Obviously, such a result is not "harmless" from Defendant's perspective.

Most importantly, Magistrate Judge Robinson explicitly recognized this. Although Plaintiff claims that she ignored the "harmless" standard under Rule 37, she did not. The Magistrate Judge found:

> Finally, the Court notes with respect to prejudice to the Defendant which would be occasioned by a denial of the motion that discovery is closed and indeed has been closed for a period of nearly six months. . . . . there's no evidence here of any open-ended agreement with respect to discovery with respect to a matter that has not been pled in the complaint and which would bring about a dramatic alteration of the parameters of the pleadings which have been filed.

Transcript of hearing at 22-23 (attached to Plaintiff's Objections as Exhibit A). Thus, Plaintiff's claim that Magistrate Judge Robinson's Order is inconsistent with the Federal Rules of Civil Procedure is baseless. As such, it cannot be said that the Magistrate's Order is "clearly erroneous" or "contrary to law." *See* LCvR 72.2(c).

      2.      Plaintiff mischaracterizes the Magistrate's ruling when he claims that she found that Plaintiff's complaint would be dismissed for lack of the amount in controversy but for the untimely damages claims. *See* Objections at 9. First, the Magistrate did not make any such finding. Second, even if she had, the ruling makes clear that such a finding was not necessary for her ultimate decision. *See* Transcript at 20-23 (explaining the reasons for allowing the motion to strike without even referencing in passing the issue of the amount in controversy).[1]

---

[1] Moreover, although beyond the scope of the present dispute, Plaintiff errs when he states that the interest on his claim, taken together with his quantum meruit claim and (non-existent) claim for punitive damages will suffice to provide this Court with subject matter jurisdiction. As will be set forth in Defendant's soon-to-be-filed motion to dismiss for lack of subject matter jurisdiction, which will assume for purposes of that motion that the interest that accrued under the alleged contract during the life of the alleged contract does count towards the amount in controversy, none of the above will save Plaintiff's claim in this Court. In any event, as set forth above, while the potential dispute over the amount in controversy was discussed during oral argument for purposes of background, it was not a part of the Magistrate's ruling.

3.      Finally, Plaintiff's entire discussion regarding the interplay of motions to strike under Rules 12 and 37 is confused. Plaintiff argues that Defendant provided the Court with a "gross misstatement of the law" when he cited Rule 37 cases for the proposition that a motion to strike non-pleadings was allowable, without also explaining that these cases applied to Rule 37, rather than Rule 12. Defendant is at a loss to understand how this constitutes a misstatement of the law. Defendant here was moving to strike a supplemental <u>discovery</u> response. Accordingly, he has no idea why Plaintiff was relying on Rule 12, which applies to pleadings. Regardless, Defendant's failure to disabuse Plaintiff of his misconception as to what Rule might apply cannot constitute a gross misstatement of the law. In addition, Defendant's papers discussed at length the specific <u>harm</u> that would result if the supplemental disclosures were not stricken; thus Plaintiff has no claim that he was somehow prejudiced by Defendant's failure to cite specifically to Rule 37 in making his argument. Plaintiff was put on clear notice that Defendant based his argument, in part, on the notion that the supplemental disclosures were not harmless. Accordingly, the Court should reject Plaintiff's Objections.

                Respectfully submitted,

/s/ Adam Augustine Carter_____
Adam Augustine Carter
DC Bar # 437381
888 Seventeenth Street, N.W., Suite 900
Washington, D.C.  20006-3307
Tel: 202-261-2803
Fax: 202-261-2835
acarter@acarterlaw.com

4

      /s/ Douglas S. Brooks_____
Douglas S. Brooks
*Pro Hac Vice*
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA 02110
Tel: 617-338-9300
Fax: 617-338-9911
dbrooks@klhboston.com

Dated:  October 24, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing Defendant Larry Domash's Objection to Plaintiff's Second Requests for Production was delivered via the Court's electronic filing system to the following counsel for Plaintiff Peter M. Mace, this 24th day of May, 2007.

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, D.C. 20036-2504
mjt@mjtlegal.com

                                                /s/ Douglas S. Brooks_____
                                                Douglas S. Brooks