# EXHIBIT A

Case 1:05-cv-02244-HHK    Document 36-2    Filed 10/31/2007    Page 1 of 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace )<br><br>    Plaintiffs, )<br><br>    vs. )<br><br>Larry A. Domash )<br><br>    Defendant ) | Case No. 1: 06-02244 (HHK)<br>Judge Henry H. Kennedy, Jr.<br>Next Event: Discovery Completion Date 5 February 2007 |

### Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)

**Plaintiff Peter M. Mace**, through counsel, **makes** the following disclosures pursuant to the provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure:

### Introductory Statement

The following disclosures are based on the information reasonably available to the disclosing party or parties as of this date. The disclosing party or parties' disclosures represent a good faith effort to identify individuals and documents it reasonably believes are relevant to the disputed facts identified with particularity in the pleadings. By making these disclosures, the disclosing party or parties do not represent that they are identifying every document, tangible thing or witness possibly relevant to this lawsuit.

The disclosing party or parties' disclosures are made without waiving: (1) the right to object to production of any document or tangible thing disclosed herein on the basis of privilege, the work product doctrine, relevance or any other valid ground; and (2) the right to object on the grounds of competence, privilege, relevance and materiality, hearsay or any other proper ground to the use of this information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

### Disclosures

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information are set forth as follows:

*Rule 26(a)(1) Initial Disclosures—Page 1*

1. George A. Graham, Jr., Ph.D., N8 W 20095 Woodcrest Drive, Waukesha, Wisconsin 53188, (262) 968-5814.

2. Phillip R. O'Brien, Reinhart Boerner Van Deuren s.c., 1000 N. Water Street, Suite 2100, Milwaukee, WI 53202, (414) 298-8243.

3. Darryl R. Wright, 9627 Leesburg Pike, Vienna, VA 22182, (703) 328-2612.

4. Steven A. Killion, 7630 Sawmill Court, Manassas, VA 20111, (703) 361-0446.

5. Bruce E. Koenig, 12115 Sangsters Court, Clifton, VA 20124, (703) 631-7099.

6. Gene E. Sierzant, 3429 Stoneybrae Drive, Falls Church, VA 22044, (703) 354-3009.

7. Thomas A. "Tex" Hunt, 2 Pigeon Hill Drive, Apt. 100, Sterling, VA 20165, (703) 433-6805.

8. Judy Arellano, 2027 Thornton Street, Riverside, CA 92507, (951) 683) 3783.

9. Bernice Pentoney, 1711 Mathews Street, Riverside, CA 92507, (951) 683-3783.

10. Chris Dowell, Ph.D., 230 Western Avenue, Sherborn, MA 01770, (617) 354-5638.

11. Paul Perocchi, Brown Rudnick Freed & Gesmer, P.C., One Financial Center, Boston, MA 02111, (617) 856-8219.

12. Chouteau Merrill, Brown Rudnick Freed & Gesmer, P.C., One Financial Center, Boston, MA 02111, (617) 856-8219.

13. Edward Barshak, Sugarman Rogers Barshak & Cohen, P.O. Box 9610, Boston, MA 02114, (617) 227-3030.

14. Joseph Walsh, Menard Murphy & Walsh L.L.P., 60 State Street, 34th Floor, Boston, MA 02109, (617) 832-2500.

15. Valerio Diviacchi, 59 Temple Place, Suite 507, Boston, MA 02111, (617) 542-3175.

16. Margaret S. Travers, P.C., 75 Federal Street, Boston, MA 02110, (617) 423-0099.

17. Paul Kelly, Kelly, Libby & Hoopes P.C., 175 Federal Street, Boston, MA 02110, (617) 338-0300.

18. Tim Hughes, 307 East Annandale Road, Suite 101, Falls Church, VA 22042, (703) 536-8233.

19. Ronald P. Mysliwiec, 110 Greene Street, Suite 101, New York, NY 10012, (212) 219-4000.

B. A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that the disclosing party may use to support its claims or defenses, unless solely for impeachment are set forth as follows referenced by bates number:

1. Mace 1-10, 72-109, internal company records.
2. Mace 11-21, Correspondence.
3. Mace 22-31, Bank of America file.
4. Mace 32, Domash power of attorney to Mace.
5. Mace 33, Citigroup correspondence.
6. Mace 34-58, Mace-Domash correspondence.
7. Mace 59-71, Family court records.
8. Mace 110-120, Diviacchi file.
9. Mace 121-179, IFA payments.
10. Mace 180-184, 198-214 Bet Tek file.
11. Mace 185-197, credit card correspondence & accounting.
12. Mace 215-341, Domash litigation file.
13. Mace 342-546, Discovery Card Records.
14. Mace 547-597, Capital One Card Records.
15. Mace 598-656, Bank of America Card Records.
16. Mace 657-999, American Express Card Records.
17. Mace 1000-1061, Chase Card Records.
18. Mace 1062-1184, MBNA America Card Records.
19. Mace 1185-1290, First Card Records.
20. Mace 1291-1378, Visa Platinum First Card Records.
21. Mace 1379-1463, Chevy Chase Visa Card Records.
22. Mace 1464-1528, U.S. Bank Credit Creditline Records.
23. Mace 1529-1535, Bank of America Loan Records.

In addition, Mr. Mace recently located several boxes of records in his garage and will promptly review the contents and produce anything responsive therein, if anything.

C. A computation of any category of damages claimed by

*Rule 26(a)(1) Initial Disclosures—Page 3*

disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered are as follows:

In May of 1999 Plaintiff exhausted his financial resources and explained to Defendant that Plaintiff would be closing Investors Fidelity of America. At that time, Defendant promised Plaintiff that if Plaintiff would continue devoting his full attention to Investors Fidelity and would continue to help Defendant, then Plaintiff would reimburse Plaintiff for all of Plaintiff's living expenses, to include financial support to a cousin, for all expenses incurred on behalf of Investors Fidelity, for all expenses incurred on behalf of Defendant, as well as all finance charges and interest resulting from these expenses. At that time, May 1999, Plaintiff explained to Defendant that since Plaintiff had exhausted his financial means, Plaintiff would be paying all such expenses with credit cards, thus he would be incurring a large amount of debt as well as financial charges and interest. Defendant indicated that he understood this and promised to reimburse Plaintiff for all such expenses. Relying on Defendant's promise from May 1999 to 24 November 2002 (when Defendant indicated he had not intention of keeping his promise), Plaintiff incurred approximately $205,530.38 in expenses.

All expenses Plaintiff incurred were incurred through credit cards or direct debts. This $205,530.38 incurred from May 1999 to November 2002 is reflected on the document entitled IFA Journal, bates stamped Mace 000122, and attached for the readers convenience. The $205,530.38 is the sum of the column entitled "Balance Before Payment." In addition, Plaintiff is claiming the interest and charges incurred in maintaining this debt post November 2002. These interest and charges amount to approximately $50,000. The interest rates applied to the various debts can be found at the document bates stamped Mace 194-197, also attached for the reader's convenience.

Plaintiff plans on employing an accountant to prepare a precise statement of these expenses, costs and interest.

D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment are as follows:

1. **Plaintiff is** unaware of any insurance coverage.

Respectfully submitted,

*Rule 26(a)(1) Initial Disclosures—Page 4*

Dated: *17 November 2006* Signed: *[signature]*
Michael J. Trevelline, DC Bar # 437454
Address:     1823 Jefferson Place, NW
             Washington, DC 20036-2504
Telephone:   (202) 737-1139/Fax: (202) 775-1118
Email:       mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

**Certificate of Service**

I hereby certify that a copy of the **foregoing** was sent via first class mail, postage prepaid, this __17__ day of __Nov__, 20__06__, to:

Mr. Adam Augustine Carter
Attorney at Law
888 17th Street, NW, Suite 900
Washington, DC 20006-3307

*[signature]*
Michael J. Trevelline

FROM : GrahamConsulting Tonn          FAX NO. : 2623929251           Apr. 13 2005 07:36PM  P3

## IFA JOURNAL

| Date Paid | Statement Date | Account | Amount Paid | Balance Before Payment | Finance Charge |
|---|---|---|---|---|---|
| 10/ 2. | | North Virginia Comm. Hospital | 14.25 | 14.25 | |
| 10/ 3. | 9/ 7. | MBNA Gold Reserve | 395.00 | 24,008.89 | 375.60 |
| 10/ 3. | 9/17. | US Bank | 38.18 | 533.87 | 4.31 |
| 10/ 3. | 9/ 5. | Storage Solutions | 406.00 | | |
| 10/ 9. | 9/17. | Washington Post | 26.65 | | |
| 10/ 9. | 9/26. | American Express | 272.90 | 272.9 | |
| 10/10. | 9/13. | Sears Master Charge | 285.00 | 14,210.56 | 143.68 |
| 10/11. | 9/20. | Chase | 200.00 | 9,326.64 | 78.48 |
| 10/11. | 9/20. | First Card | 900.00 | 43,935.25 | 364.46 |
| 10/11. | 9/ 7. | MBNA Credit Card | 585.00 | 43,845.85 | 561.24 |
| 10/17. | | Telephone | 97.72 | | |
| 10/17. | 9/24. | Chase Visa | 260.00 | 10,668.95 | 155.61 |
| 10/18. | | Bank of America | 100.00 | 6,573.41 | 65.56 |
| 10/21. | 9/27. | Capital One | 378.98 | 9,820.81 | |
| 10/21. | 9/24. | Discover Card | 200.00 | 8,993.26 | 49.79 |
| 10/24. | | Fleet National Bank | 143.24 | | |
| 10/29. | 10/ 9. | American Express: Platinum | 375.00 | 18,273.74 | 172.06 |
| 10/29. | 10/ 7. | Chevy Chase Bank | 375.00 | 15,052.00 | 162.45 |
| 10/29. | 11/ 1. | Verizon | 74.55 | | |
| 10/29. | 10/ 4. | Storage Solutions | 406.00 | | |
| 10/30. | | Sally Gresham | 85.00 | | |
| 10/30. | | Beltway Movers | 88.00 | | |
| 10/31. | | Bank of America (4133193) | 400.00 | | |

Mace 000122

Mr. John L. Martin
The OSO Group, Ltd.
2121 K Street, N.W.; Suite 800
Washington, D.C. 20037

February 9th, 2004

Dear John:

Enclosed are the credit card amounts used to get us to this point. You're aware, as are we all, of their history and cause. I know you, Darryl, Steve and Tex want this off my shoulders as we begin our new venture. Tex wants to build the solution into our BOA line of credit and Darryl is going to introduce me to an accomplished litigator in the next week or two. His position and mine, like the rest of the team, is that Larry has to make restitution.

Commanding officers, at eulogies for their fallen brothers, often justly state, "that they gave the last full measure of devotion". Well, if thats what it takes to complete a worthwhile mission, if thats what it takes to protect all that we hold dear.... Looking at the next three pages no one could ever say I wasn't committed. With fraternal devotion I remain...

Yours faithfully,
Brett

CC: Tex Hunt

Mace 000194

| amount | interest rate | institution | mailing address |
|---|---|---|---|
| $5,000.00 Acct.# 74437906340050 | 16.6% | Fleet Bank, check | Fleet Bank Consumer Lending PO Box 415065 Boston, MA 02241-5065 |
| $15,381.00 Acct# 781260-1571282464 | 12.9% | Capital One, check | Capital One, F.S.B. PO Box 85184 Richmond, VA 23285-5184 |
| $14,400.00 Acct# 5121-0718-2949-5666 | 14.8% | Sears MasterCard | Sears Credit Cards PO Box 182156 Columbus, Ohio 43218-2156 |
| $45,400.00 Acct# 5490-9909-1649-9823 | 14.9% | MBNA America MasterCard | MBNA America PO Box 15019 Wilmington, DE 19886-5019 |
| $25,000.00 Acct# 749-90700-014-197 | 17.9% | MBNA America Gold Reserve Checks | MBNA America PO Box 15028 Wilmington, DE 19886-5028 |

Mace 000195

| amount | interest rate | institution | mailing address |
|---|---|---|---|
| $45,000.00 Acct # 4366-1630-4735-3798 | 9.9% | Bank One Visa | Bank One PO Box 15153 Wilmington, DE 19886-5153 |
| $15,000.00 Acct # 4417-1245-6600-2942 | 11.2% | Chevy Chase Bank Visa | Cardmember Services % Chevy Chase Bank PO Box 15153 Wilmington, DE 19886-5153 |
| $1,000.00 Acct # 6011-0033-5003-7980 | 13.9v/24.3F % | Discover Card | Discover Platinum Card PO Box 15251 Wilmington, DE 19886-5251 |
| $10,000.00 Acct # 25-65-18442-7 | 11.00% | Chase Manhattan Bank Checks | Chase Advantage Credit PO Box 15656 Wilmington, DE 19886-5656 |
| $10,800.00 Acct # 4226-6100-0971-0076 | 12.4v/19.9v % | Chase Manhattan Bank Visa | Chase Visa PO Box 15657 Wilmington, DE 19886-5657 |

Mace 000196

| amount | interest rate | institution | mailing address |
|---|---|---|---|
| $23,000.00<br>Acct.# 4190-0808-9256-2723 | 7.96% | US Bank Credit Line Visa | US Bank National Association ND<br>PO Box 790409<br>St. Louis, MO 63179-0409 |
| $20,700.00<br>Acct.# 3737-453662-92000 | 12.99v/9.9v % | American Express Optima Credit Card | American Express Optima<br>PO Box 360002<br>Ft. Lauderdale, FL 33336-0005 |
| $14,000.00<br>Acct# 4888-6070-0573-9058 | 6.99v/19.99v [most here] | Bank Of America Visa | Bank Of America<br>PO Box 53132<br>Phoenix, AZ 85072-3132 |

Mace 000197