# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace ) | |
| Plaintiff, ) | Case No. 1: 06-2244 (HHK) |
| vs. ) | Judge Henry H. Kennedy, Jr. |
| Larry A. Domash ) | |
| Defendant ) | |

## Plaintiff's Second Supplemental Response to Defendant's First Set of Interrogatories

Now comes the **Plaintiff** to supplement his answer to the interrogatories of the **Defendant** in the number and order propounded.

## Answers

1. Describe in detail each and every expenditure you made for which you are claiming that Defendant owes you reimbursement by (1) identifying the amount, purpose and date of the expenditure, (2) identifying to whom the expenditure was made and (3) identifying all documents concerning such expenditures.

**Answer:** I am demanding $381,438.59 in damages ($277,438.59+$100,000.00+$4,000=$381,438.59). First, I suffered $277,438.59 in increased credit card debt. As explained in detail in my earlier response, Mr. Domash promised to reimburse me for three categories of credit card debt. A certified public accountant has analyzed the credit card statements and prepared a report showing the debt for which Mr. Domash is responsible. His final report is bates-numbered Financial Report 0103-138. It shows that in April of 1999, I owed $37,069.93 in credit card debt (bates Financial Report 0108). April 1999 is when Mr. Domash told me he would take care of all future credit card debt. The credit card debt has now increased to $314,508.52 (bates 0103). If Mr. Domash had not made his April 1999 promise, I would have sought employment and been able to pay off the $37,069.93, which at that time was an amount quite manageable. Under the agreement, Mr. Domash owes me the entire increase in debt—$277,438.59 ($314,508.52-$37,069.93=$277,438.59).

The certified public accountant reviewed all of the credit card statements that are available in order to determine whether the available statements showed expenses attributable to the particular

*Page 1*

categories Mr. Domash promised to reimburse me for. The analysis shows that I spent $8,727.05 to pay creditors of Mr. Domash (bates 0103). (Remember that the credit card statements not available may well show I made even more payments to his creditors.) It shows that I paid $10,975 to my niece Judy Petoney. It shows I incurred $26,755.02 in personal living expenses. It shows I incurred $52,504.69 in interest and finance charges. It shows that the total credit cards balance had risen to $197,699.08 on 24 November 2002, the date Mr. Domash informed me he would not honor the agreement. This means that during the agreement my credit card debt increased by $160,629.15 ($197,699.08-$37,069.93) (bates 0108). Mr. Domash is obliged to reimburse me for this increase since it all is reasonable expenses incurred under the agreement. In addition, since I have not been able to pay off this debt, it has risen by $116,809.44 in interest, something Mr. Domash is also obliged to reimburse me for.

In addition, I demand to be reimbursed for the anxiety and worry I have gone through because of the unpaid credit card debt and damage to his credit. I ask $100,000 as compensation for such damage.

In addition, I demand to be reimbursed for the value of the hours spent trying to manage the debt. I have spent approximately a minimum of 200 hours phoning and writing credit card companies and debt collecting agencies working out payment plans, arranging for payment, explaining the circumstances. A value of $20 per hour of my time puts this amount of damages at $4,000.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

6th of Sept 2007          .

_Peter M. Mace_
Peter M. Mace

## Certificate of Service

I hereby certify that a copy of the **foregoing** was sent via first class mail, postage prepaid, this _____7_____ day of _____Sept_____, 20_07_, to:Mr. Douglas Brooks

Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA  02110

Page 2    Michael Trevelline