# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace<br>Plaintiff,<br>vs.<br>Larry A. Domash<br>Defendant | Case No. 1: 06-2244 (HHK)<br>Judge Henry H. Kennedy, Jr.<br>Next Event: Discovery Completion Date 5 February 2007 |

## Plaintiff's First Supplemental Response to Defendant's First Set of Interrogatories

Now comes the **Plaintiff** to supplement his answer to the interrogatories of the **Defendant** in the number and order propounded.

### Answers

5. State the basis for your contention in paragraph 19 of the Complaint that Defendant's alleged representations in April 1999 that it was his intention to reimburse Plaintiff for his expenditures were made untruthfully and with knowledge of that untruth by (1) identifying all facts or information supporting your contention, (2) identifying all documents supporting or concerning your contention, and (3) identifying all persons possession knowledge of facts or information supporting the contention, and summarizing the facts or information each such person possesses.

**Answer:** In addition to my previous response, I provide the following: In April 1999 when Mr. Domash made the initial agreement with me and throughout 1999, 2000, 2001, and 2002, Mr. Domash was a party to divorce, alimony, and child support and custody litigation. He was upset and emotionally disturbed by this litigation. He told me the litigation caused him a great deal of financial uncertainty, both since he was spending much money on attorney's fees and expenses and since he would incur substantial property division, alimony and child support obligations. Because of this financial uncertainty, Mr. Domash said in effect that he needed to maintain as much financial liquidity as he could, although he did maintain at all times that he did have the financial wherewithal to uphold his financial obligation to me. He told me he would pay me when IFA obtained funding or the dust settled on the domestic litigation. When the dust settled, he would no longer need to maintain maximum liquidity. From 1999 to 2002, he repeatedly told me that he would pay me but that these domestic relation litigation

*Supplemental Answers to Interrogatories—Page 1*

concerns prevented him from doing so at the moment. He also repeatedly told me that he was doing his best to maintain his financial liquidity.

These repeated statements were false and fraudulent since he never intended to pay me, since he did not conserve his financial liquidity as he said he needed to do and would do, and since he was not uncertain about the financial results of the domestic relation litigation. Instead of conserving his financial liquidity, he purchased a motor boat and may have made other expenditures inconsistent with his fraudulent promises to me and false concerns he expressed to me. Instead of being concerned about his financial obligations arising from the domestic litigation, apparently the financial outcome of the litigation was more settled than he fraudulently told me.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 8th, 2007.

_Peter M. Mace_
Peter M. Mace

### Certificate of Service

I hereby certify that a copy of the **foregoing** was sent via first class mail, postage prepaid, this __10__ day of __April__, 20_07_, to:

Mr. Douglas Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA  02110

_Michael J. Trevelline_