# EXHIBIT S

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter M. Mace<br><br>Plaintiffs,<br><br>vs.<br><br>Larry A. Domash<br><br>Defendant | Case No. 1: 06-02244 (HHK)<br>Judge Henry H. Kennedy, Jr. |

## Second Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)

Plaintiff Peter M. Mace, through counsel, makes the following disclosures pursuant to the provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure:

### Introductory Statement

The following disclosures are based on the information reasonably available to the disclosing party or parties as of this date. The disclosing party or parties' disclosures represent a good faith effort to identify individuals and documents it reasonably believes are relevant to the disputed facts identified with particularity in the pleadings. By making these disclosures, the disclosing party or parties do not represent that they are identifying every document, tangible thing or witness possibly relevant to this lawsuit.

The disclosing party or parties' disclosures are made without waiving: (1) the right to object to production of any document or tangible thing disclosed herein on the basis of privilege, the work product doctrine, relevance or any other valid ground; and (2) the right to object on the grounds of competence, privilege, relevance and materiality, hearsay or any other proper ground to the use of this information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

### Disclosures

C. A computation of any category of damages claimed by disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature

*Rule 26(a)(1) Initial Disclosures—Page 1*

and extent of injuries suffered are as follows:

Plaintiff's study of his credit card debt as part of discovery has made it evident that he has incurred substantial intangible damages from anxiety and worry about the unpaid credit card debt and damage to his credit. Plaintiff asks $100,000 as compensation for such damage.

In addition, Plaintiff has incurred tangible damages in the form of hours spent trying to manage the debt. Plaintiff has spent approximately 200 hours phoning and writing credit card companies and debt collecting agencies working out payment plans, arranging for payment, explaining the circumstances. A value of $20 per hour of his time puts the tangible damages at $4,000.

Plaintiff agrees to answer interrogatories, respond to request for production and respond to questions at a deposition concerning this claim, even though the discovery deadlines have passed.

Respectfully submitted,

Dated: 27 Jun 07    Signed: _____
                    Michael J. Trevelline, DC Bar # 437454
           Address: 1823 Jefferson Place, NW
                    Washington, DC 20036-2504
           Telephone: (202) 737-1139/Fax: (202) 775-1118
           Email:     mjt@mjtlegal.com

Attorney for **Plaintiff Peter M. Mace**

**Certificate of Service**

I hereby certify that a copy of the **foregoing** was sent via first class mail, postage prepaid, this 27 day of June, 20 07, to:

Mr. Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, MA  02110

_____
Michael J. Trevelline