# EXHIBIT X

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER M. MACE )
)
)
)
Plaintiff )
)
v. ) Case No. 1:05CV02244
) (HHK/DAR)
) Summary Judgment Hearing
LARRY A. DOMASH ) 11/14/2008
)
)
Defendant )
)

## AFFIDAVIT OF JOSEPH H. WALSH, ESQ.

I, Joseph H. Walsh, do hereby depose and state as follows:

1. I am an attorney in good standing in the Commonwealth of Massachusetts. I am a Partner in the law firm of Menard, Murphy & Walsh LLP.

2. I represented Larry A. Domash in connection with his divorce modification proceedings from approximately February 2000 to November 2000. That case concluded on October 31, 2000 when Mr. Domash and his ex-wife entered into a stipulated Judgment of Modification. I subsequently represented Mr. Domash for purposes of a hearing on a motion for attorneys' fees in connection with the divorce modification proceedings in or about December 2000. I did not represent Mr. Domash again between December 2000 and November 2002.

3. During the time I represented Mr. Domash in 2000, I had contact with Peter Mace, who went by the name of "Brett," in connection with Mr. Domash's divorce

modification proceedings. The contact was almost exclusively limited to his calling my office or writing to me.

4.   From talking with Mr. Mace, it was my understanding that he was assisting Mr. Domash because they were friends. I never understood – and Mr. Mace never stated – that he was expecting payment from Mr. Domash in connection with the assistance he was providing. Nor was it ever my understanding from talking to Mr. Mace that he and Mr. Domash had entered into any kind of arrangement where Mr. Domash had agreed to reimburse Mr. Mace for various expenditures. This information would have been very important for me to know for Mr. Domash's divorce modification case. Had I known this, I would have included Mr. Domash's alleged debt to Mr. Mace on the multiple Rule 401 sworn financial statements that I filed with the court on Mr. Domash's behalf. Including such debt on Mr. Domash's financial statements would have benefited him as it would have lowered the total amount of assets he had for purposes of calculating alimony and child support – a major issue of contention in his divorce modification case.

5.   During my representation of Mr. Domash, my staff informed me on multiple occasions that they felt Mr. Mace's contact with them was disruptive and unhelpful.

Signed under the penalties of perjury, this ___ day of September, 2008.

_____
Joseph H. Walsh

2